## HOOPES v. FERGUSON.

1. **Usury**: PAYMENT IN FULL: NEW CONTACT. The original indebtedness cannot be revived after it is once paid in full and discharged. The new contract, though figured on the basis of the original indebtedness, is not usurious, when not a device to cover usury.

*Appeal from Dallas Circuit Court.*

SATURDAY, OCTOBER 22.

ACTION upon a promissory note for $26. The action was originally brought before a justice of the peace. The defendant for answer averred that the note was given for interest on money borrowed and was wholly usurious. The plaintiff re-

covered, but upon an appeal being taken to the Circuit Court judgment was rendered against her and in favor of the defendant for costs. She now appeals.

*Cole & Cole*, for appellant.

*A. R. Smalley*, for appellee.

ADAMS, CH. J.—The Circuit Court made a finding of facts in substance as follows: The defendant Ferguson borrowed of one John M. Hoopes the sum of $224, upon which he agreed to pay 15 per cent interest per annum until the same should be paid. Afterward, to-wit, November 2, 1877, the defendant and John M. Hoopes had an accounting and it was agreed that the defendant should give Hoopes the use of a certain building in the town of Dallas Center for two years in full payment for the money borrowed and interest thereon at 15 per cent per annum. Afterward, to-wit, September 26, 1878, the defendant and Hoopes made a new deal. The defendant desired the use of the lower story of the building and Hoopes released or surrendered it to him. Hoopes had taken the whole building at an estimated rental of $12.50 per month, and it was estimated in the new deal that the lower story was worth upon that basis $8.50 per month, leaving $4 per month as the rental value per month of the remainder of the building. In this new deal six notes were executed by the defendant for $26 each, and were made payable to the plaintiff, one of which is the note in suit. The court found that these notes were given for the balance due on the original claim as refigured by Hoopes and Ferguson on the basis of the original transaction, and that the note in suit was not purged of usury. It also found that the amount paid was more than sufficient to discharge the original debt with legal interest, and accordingly rendered judgment for the defendant.

The question certified was in these words: "Was the note

in suit purged of the usury in the original transaction by tak-

**1. USURY: payment in full: new contract.** ing the lease of the lower rooms of the building referred to in the above statement of facts?" The only difficulty in this case consists in determining what construction should be put upon this finding. It shows that the original idebtedness was paid in full, November 2, 1877, by the lease of the building. It also shows that about eleven months later the balance was paid by the execution of the six notes, one of which is the note in suit. Both of these statements cannot be strictly true.

The court must have meant, we think, that at the time the lease was given the parties considered the lease as given in full payment, and later when the lower story came to be re-leased the parties considered the original debt revived except so far as it was to be considered paid by the use of the premises actually enjoyed and to be enjoyed. This last conclusion we doubt not was formed by reason of the manner in which the sum of $156, the amount of the six notes, was arrived at. They exceed the amount of $8.50 per month, the estimated rental value of the lower story for the remainder of the term. It is evident that the amount could not have been found upon that basis. Besides the court expressly finds that the original indebtedness was refigured.

But we cannot ignore the finding that the original indebtedness was paid in full. Whatever was done afterward was a mere releasing of the lower story in consideration of the execution of the six notes. The original indebtedness could not be revived after it was once fully discharged. The fact that the parties figured upon the basis of that indebtedness in determining for what amount the notes should be given, would not be inconsistent with the fact that they were given for the release. It was the right of the parties to make such bargain as they pleased for the release. When made the defendant became indebted anew by reason of the release. This is the construction which the law must put upon the new transaction,

whatever the understanding of the parties may have been, if, as the court found, the old indebtedness was fully paid.

If the lease had been given as a device to cover usury, the case might be different, but the court not only did not so find, but found that the money was borrowed prior to the execution of the lease from which we infer that it was an independent transaction. We think that judgment should have been given for the plaintiff.

REVERSED.