[Sac. No. 494.   Department Two.—September 18, 1899.]

## BANK OF COMMERCE, Respondent, v. J. W. SCOFIELD et al., Appellants.

MORTGAGE—DEFAULT IN INTEREST—OPTION OF MORTGAGEE—NOTICE—FORECLOSURE.—The commencement of an action to foreclose a mortgage containing an option to the mortgagee to make the whole amount of the mortgage due upon default of payment of interest is sufficient notice of the exercise of the option, and no previous notice or demand is necessary.

ID.—SUFFICIENCY OF COMPLAINT.—The complaint in such action is not defective in not alleging notice of the exercise of the option; but it sufficiently shows that the debt is due, by alleging a default in the payment of interest, and that the principal and interest mentioned in the note and mortgage set forth in the complaint were due and unpaid from defendants to plaintiff.

ID.—CONSIDERATION OF NOTE AND MORTGAGE—COMPROMISE OF LITIGATION—SUBROGATION.—A consideration sufficiently appears for the note and mortgage in suit, where they appear to have been given in compromise of a pending action to foreclose a prior mortgage of defendants to a third party, in respect to which an equitable subrogation and right of foreclosure was claimed in good faith by plaintiff's assignor, in an amount equal to the new note and mortgage given by defendants to plaintiff, which amount plaintiff's assignor had paid out of his own moneys, in satisfaction of the prior note and mortgage of defendants, of which the defendants received the benefit, in the extinguishment of the lien upon their land.

ID.—COMPROMISE OF DOUBTFUL CLAIM.—It is not necessary, to sustain a compromise of pending litigation as a consideration, that the claim litigated should be one upon which the plaintiff is certainly entitled to recover. Though the claim is doubtful, and may be held not sufficient to support an action, yet, if the action thereon is brought in good faith with any ground on which to base a fair argument that plaintiff ought to succeed, a compromise of such action is a good and valid consideration.

APPEAL from a judgment of the Superior Court of Tuolumne County and from an order denying a new trial. C. V. Gottschalk, Acting Judge.

The facts are stated in the opinion.

J. F. Ramage, for Appellants.

The option to claim the whole debt due should have been manifested promptly; and a liability that depends upon the

option of the mortgagor cannot exist until after the option is exercised. (*Dean v. Applegarth,* 65 Cal. 392; *Clemens v. Luce,* 101 Cal. 432.) There was no consideration for the note and mortgage in suit, the claim of D. W. Scofield being such that he must have known that it had no foundation. (*Pitkin v. Noyes,* 48 N. H. 294; 97 Am. Dec. 615; 2 Am. Rep. 218; *McKinley v. Watkins,* 13 Ill. 140; *Ormsbee v. Howe,* 54 Vt. 182; 41 Am. Rep. 841; *Mulholland v. Bartlett,* 74 Ill. 58; *Headley v. Hackley,* 50 Mich. 43; *Edwards v. Baugh,* 11 Mees. & W. 641-45; *Jones v. Ashburnham,* 4 East, 463; *Palfrey v. Portland etc. Co.,* 4 Allen, 56; *North v. Forest,* 15 Conn. 404; *Feeter v. Weber,* 78 N. Y. 334.)

F. W. Street, for Respondent.

The complaint states a cause of action. Notice of the election of the mortgagee to consider the principal sum due was not required to be given before suit, or to be alleged in the complaint. (*Dean v. Applegarth,* 65 Cal. 392; *Hewett v. Dean,* 91 Cal. 7; *Sichler v. Look,* 93 Cal. 611; *Clemens v. Luce,* 101 Cal. 436.) The compromise of a suit brought in good faith on probable cause is a valid consideration for the note and mortgage sued upon. (*McClure v. McClure,* 100 Cal. 339; *Hale v. Akers,* 69 Cal. 160; *Pitkin v. Noyes, supra; Chahoon v. Hollenback,* 16 Serg. & R. 425; 16 Am. Dec. 587; *Peirce v. New Orleans Bldg. Co.,* 9 La. 397; 29 Am. Dec. 448.) And the court will not investigate the relative merits or demerits of the two claims, with a view of setting aside the compromise. (*Fisher v. May,* 2 Bibb. 448; 5 Am. Dec. 626; *Knotts v. Preble,* 50 Ill. 226; 99 Am. Dec. 514.)

GRAY, C.—Defendants appeal from a judgment decreeing the foreclosure of a mortgage and from an order denying a new trial.

1. The mortgage in this case provided that, on default in the payment of any instalment of interest as agreed, the whole sum of principal and interest should become due at the option of the mortgagee. The note which the mortgage secured was dated November 29, 1895, and the principal thereof, according to its terms, was payable "on or before five years after date," and interest at ten per cent per annum was payable annually. This

action was commenced on December 28, 1896. It was alleged in the complaint that no part of the interest had been paid, and that the principal and interest mentioned in said note and mortgage were due and unpaid from defendants to plaintiff. The commencement of the action was notice of the exercise of the option to treat the whole amount of the note as due on default in the payment of the first annual instalment of interest, and no previous notice or demand was necessary. (*Hewitt v. Dean,* 91 Cal. 5.) The complaint, therefore, was not defective in the respect claimed by appellant, as it appeared therefrom that the mortgage debt was due.

2. The findings fully dispose of the defense set out in the answer that the note and mortgage were given without consideration. The facts as the court found them to be are recited, and it is in substance stated in the findings that the note and mortgage sued on herein were given in compromise of a pending action based on a note and mortgage of defendants to one W. W. Hall and assigned to D. W. and J. J. Scofield, and that the note and mortgage upon which the present action is based were given for the "sum of fourteen hundred and ninety-four dollars and sixty cents, being the amount due said D. W. Scofield on account of the payment made by him to said W. W. Hall of his said mortgage, with interest thereon and costs of plaintiffs in said action."

3. The third and last contention of appellants is that "there was no consideration moving between appellants and D. W. Scofield to support the note and mortgage" on which this suit is brought. The plaintiff sues as the assignee of D. W. Scofield, who is a son of appellants. O. B. and J. J. Scofield, two other sons of appellants, some three or four years before the execution of this mortgage to D. W. Scofield, entered into an oral contract with their father and mother, whereby they leased the premises described in said mortgage for five years, agreeing, among other things, to pay off a mortgage for about thirteen hundred dollars which appellants had previously made upon a portion of said lands to one W. W. Hall. By the terms of this oral agreement appellants were to deed to their sons, J. J. and O. B. Scofield, a certain one hundred and sixty acres of the said lands, as alleged in appellants' answer, or one-half of all the said lands as

the contract was understood by D. W. Scofield.    After J. J. and O. B. Scofield had been in possession some three and a half years under the lease, Hall demanded payment of his mortgage, and, the sons announcing their inability to comply with their agreement and pay the mortgage, the father and mother went to San Francisco and procured thirteen hundred dollars, the amount due on the mortgage, to be forwarded to Modesto for the purpose of discharging the mortgage debt.    In the meantime J. J. and O. B. Scofield had applied to their brother, D. W. Scofield, for help, and at their request D. W. Scofield paid Hall thirteen hundred dollars and took from him a satisfaction of the mortgage.    The evidence shows that he did not procure a written assignment of the Hall mortgage.    D. W. Scofield, expecting that the appellants would deed one-half of the land to J. J· Scofield, requested them to do so, that he might have a mortgage from J. J. Scofield securing him for the money paid to Hall.    Appellants refused to make the deed as requested, and thereupon D. W. and J. J. Scofield, as assignees of W. W. Hall, commenced an action against the appellants to recover a balance of thirteen hundred and forty-one dollars together with interest, due on the Hall note, and to foreclose the mortgage given by appellants to secure the same.    The action came to trial, and a recess was asked and by the court granted for the purpose of compromising and settling the case.    A meeting of the parties and their attorneys was had in the office of the attorney for J. W. and S. L. Scofield, the outcome of which was the giving by the appellants of the note and mortgage upon which the present suit is based, and the dismissal of the action then on trial.    The question is, Was that compromise a good consideration for the note and mortgage in suit here? We think this question will have to be answered in the affirmative.    Though there was no written assignment of the mortgage, yet it appears that D. W. Scofield had paid out thirteen hundred dollars of his own money, and that the appellants had received the benefit thereof in the extinguishment of a lien for that amount on their real estate.    He was then in a position to claim in good faith, or at least without subjecting himself to the charge of bad faith, that he should be treated, in equity, as the assignee of Hall, and should be subrogated in the action to all

the rights which Hall had in the note and mortgage at the time he executed the satisfaction. It is not necessary that his claim should have been one that he was entitled to recover on beyond any question. Though the claim is doubtful and may be held not sufficient to support an action, yet if the action on it is brought *bona fide,* with any ground on which to base a fair argument that plaintiff ought to succeed, a compromise of such action is a good and valid consideration. (*McClure v. McClure,* 100 Cal. 339; *Pilkin v. Noyes,* 48 N. H. 294; 97 Am. Dec. 615; 2 Am. Rep. 218.)

The court on sufficient evidence found against appellants on the issues of duress, fraud, and undue influence.

For the foregoing reasons we advise that the judgment and order appealed from be affirmed.

Britt, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Temple, J., McFarland, J., Henshaw, J.

Hearing in Bank denied.