CHARLES H. BLOHM

v.

JOHN M. HANNAN and ISABELLA HANNAN.

[Decided September 29th, 1913.]

K., having a first mortgage on defendants' land for $6,950, which defendants claim was tainted with usury, surrendered his mortgage for $6,000 cash and a second mortgage for $1,500, permitting defendants to place a first mortgage on the property for $18,000.—*Held*, that such second mortgage was based on a new consideration and was not affected by any usury involved in the first transaction.

On bill to foreclose.

*Messrs. McDermott & Enright,* for the complainant.

*Mr. J. Emil Walscheid,* for the defendants.

LEWIS, V. C.

The complainant in this case seeks to foreclose a mortgage of fifteen hundred dollars ($1,500) given by the defendants. The answer admits the execution of the bond and mortgage but denies that the amount of money claimed or any other sum was due to the complainant.

The transaction between the parties had its origin when Klipper agreed with Hannan that he would loan, first, seventy-five hundred dollars ($7,500), out of which he was to get fifteen per cent. for making the loan, and later would loan twenty-five hundred dollars ($2,500), out of which he was to get fifteen per cent. for making the loan.

Klipper did advance seventy-five hundred dollars ($7,500), less fifteen per cent., and later the twenty-five hundred dollars ($2,500), less fifteen per cent. For these two advances Klipper got, first, a mortgage for seventy-five hundred dollars ($7,500), dated the 17th day of February, 1908, and second, a mortgage

for twenty-five hundred dollars ($2,500), dated the 18th day of
June, 1908.    Interest was subsequently paid on these two mort-
gages up to and including the payment due on the 17th day of
November, 1909, and at that time there had also been paid on
account of the principal of these two mortgages the sum of
seventeen hundred and fifty dollars ($1,750) ; that made the
principal sum due then eighty-two hundred and fifty dollars
($8,250) with interest from the 17th day of November, 1909.
Default was then made in the payment of interest by Hannan
and he began negotiations to obtain a mortgage from the Provi-
dent Institution for Savings in Jersey City.    When Klipper
asked Hannan to settle with him, Hannan said that he was en-
deavoring to get a large loan from the Provident institution and
said that he had been advised that he could recover from Klipper
the money Klipper had taken out of the loans when they were
made to him.    As an outcome of these conversations, it was
agreed between these two men that if Klipper would not demand
the interest due on the eighty-two hundred and fifty dollars
($8,250), and would throw off seven hundred and fifty dollars
($750) of the principal, that Hannan upon obtaining the larger
mortgage from the Provident institution, would give six thou-
sand dollars ($6,000) in cash to Klipper and a second mortgage
for fifteen hundred dollars ($1,500).    This agreement was car-
ried out and Hannan made a mortgage for fifteen hundred dol-
lars ($1,500) to Blohm, the complainant, at Klipper's direction,
and also paid the six thousand dollars ($6,000).    He at that time
gave Klipper a release of all rights of action against Klipper.
Thereafter Hannan made three payments of principal and three
payments of interest on the fifteen hundred dollars ($1,500)
mortgage, as follows:    He paid fifty-two dollars and fifty cents
($52.50) of principal in July, 1910; fifty-three dollars and
thirty cents ($53.30) in November, 1910, and fifty-four dollars
and nine cents ($54.09) in February, 1911, and he paid interest
up to January 25th, 1911.    Since that time he has not paid any
interest or principal.

The defendants claim that since this mortgage for fifteen hun-
dred dollars ($1,500) was for a portion, if not all, of the money
retained by Klipper out of the loan to Hannan, it cannot be fore-

13

closed; that is to say, it has no validity as against Hannan, because it either lacks consideration or because it is tainted with usury or for money which was usury. I cannot take this view of the case. Klipper had a valid first lien for sixty-nine hundred and fifty dollars ($6,950); he gives this up for six thousand dollars ($6,000) cash and a second mortgage for fifteen hundred dollars ($1,500), permitting the defendants to place a first mortgage upon their property for eighteen thousand dollars ($18,000). This is a *bona fide* arrangement, bearing no evidence of fraud and the consideration is legal. I cannot see how the law of usury applies in this case. A settlement of the usurious transaction had been accomplished and a new consideration made between the parties. Usury is taking or agreeing to receive more than the legal rate of interest for the loan of money. At the time of the giving of the fifteen hundred dollars ($1,500) mortgage in this suit, there was no loan of money whatever. When the fifteen hundred dollars ($1,500) mortgage was given Klipper had the right to foreclose his mortgages. He refrained from doing so and the defendants made the new arrangement with him to pay him off in cash and give a second mortgage for the fifteen hundred dollars ($1,500); in other words, he gives up his lien allowing a large mortgage to be placed on the property and taking in return six thousand dollars ($6,000) in cash and this second mortgage of fifteen hundred dollars ($1,500).

Our decisions, no doubt, sustain the proposition that no new transfer of the usurious transaction, even accompanied by a new loan, makes the transaction free from usurious taint, but in the case in hand, we have the element of *new consideration.* As soon as this new consideration intervened, the original taint of usury ceased to attach to the transaction.

I have not dealt with the question of the effect of the release given at the time of the making of the new contract by Hannan to Klipper, or the complainant's contention that usury had never been adequately pleaded, deeming the discussion of neither of these questions necessary at this time to the determination of this case. A decree will be advised in favor of the complainant for the amount appearing due on the mortgage under foreclosure, and costs.