[Civ. No. 8311. First Appellate District, Division One.—August 29, 1932.]

CREDIT FINANCE CORPORATION (a Corporation), Respondent, v. GUSTAV MOX, Appellant.

L. M. Pritchard for Appellant.

Hewitt, McCormick & Crump and H. L. Green for Respondent. .

KNIGHT, J.—This is an action to recover on a promissory note executed by the defendants Gustav and Otto Mox and J. L. Deane for the payment of $25,000. The answers admitted due execution of the note, but pleaded want of consideration and usury. The trial took place before the court and judgment was given in favor of plaintiff for the full amount of the note and interest; and from such judgment the defendant Gustav Mox has appealed. The appeal was taken on the judgment-roll alone, and the sole question presented is the legal sufficiency of the findings to support the judgment.

It appears from the findings that defendants owned approximately sixty-five per cent of the outstanding stock of Mox, Incorporated, which was engaged in the business of selling lumber; and in October, 1925, plaintiff agreed to lend the corporation such sums of money as it might require to operate its business, taking as security therefor the assignment of book accounts due the corporation. Up to February, 1927, there were some seventy-five separate loans made, the amounts advanced being equal to sixty per cent of the face value of the accounts taken as security therefor; and the total amount thereof aggregated several hundred thousand dollars. In June, 1926, on demand of plaintiff, the defendants herein gave plaintiff a written agreement of continuing guaranty, by the terms of which defendants jointly and severally and unconditionally guaranteed the payment of all indebtedness due plaintiff from the corporation. Thereafter a dispute arose between the parties as to the exact amount due from the corporation to plaintiff, the corporation and the defendants claiming that part of the sums demanded by plaintiff were usurious. Eventually the parties agreed upon a compromise and settlement, whereby plaintiff deducted some $18,000 from the amount claimed, "the mutual belief of all the parties being", according to the trial court's findings, "that the allowance of said claim of some $18,000 would purge all transactions of any possible taint of usury". Whereupon, and in February, 1927, in consummation of said compromise

and settlement, the parties entered into a written agreement whereby the amount of the indebtedness due plaintiff was fixed at $100,000, and the corporation and defendants agreed as the court found "to release all claims whatsoever held by any or either of them against plaintiff and its subsidiary corporations, and to pay to plaintiff the sum of $100,000.00, irrespective of what the books of any or either of said corporations might show as due and/or owing"; and as part of the same settlement and in part payment of said $100,000 the defendants herein executed and delivered to plaintiff the promissory note here sued upon, for $25,000, no part of which has ever been paid.

The trial court further found that prior to said settlement and compromise plaintiff claimed a balance due of $172,838.39, and that "of said sum . . . $41,500.00 constituted interest charges made by plaintiff for loans to said Mox Incorporated, and . . . that all of said sum of $41,500.00 is an improper charge and not allowable". Continuing the finding reads: "Deducting said sum of $41,500.00 from the balance due and owing from Mox Incorporated, its subsidiaries, and defendants, to plaintiff, the Court finds that a sum in excess of $100,000.00 was due and owing . . . " to plaintiff in "February, 1927, prior to the execution of said agreement of compromise and settlement". The trial court's legal conclusions were that the loans made by plaintiff to said corporation "were tainted with usury and in violation of The Usury Act of the State of California"; and that "the sum of $41,500.00 constitutes interest in excess of $12.00 upon each $100.00 per year, and is therefore a void and illegal charge"; but continuing, the court found that "prior to the execution of said agreement of compromise and settlement" there was due plaintiff a sum in excess of $100,000.

The main contention made by appellant on this appeal is that inasmuch as the trial court found that part of the sum of $172,838.39 claimed by plaintiff to be due prior to the compromise and settlement, to wit, the sum of $41,500, constituted usurious interest and consequently was a void charge, that the agreement entered into as a result of such compromise and settlement and the note here sued upon which was given in part payment of the amount found to be legitimately due, are likewise tainted with usury and

consequently void. We find no merit in the contention, for as said in *Lamb* v. *Herndon*, 97 Cal. App. 193 [275 Pac. 503, 508], in the absence of a showing of fraud or undue influence, a compromise agreement, like a judgment, is decisive of the rights of the parties thereto, and "Even though there had been usury in the original transaction, it would seem that upon a settlement upon which each of the parties released the others from all claims and liabilities of every character then existing, the right to rely upon a previous usurious transaction would cease to exist. (*Ector* v. *Osborne*, 179 N. C. 667 [13 A. L. R. 1207, 107 S. E. 388]; *Hoopes* v. *Ferguson*, 57 Iowa, 39 [10 N. W. 286]; *Blohm* v. *Hannan*, 82 N. J. Eq. 192 [88 Atl. 622].)" To the same effect is *Thayer* v. *Buchanan*, 46 Or. 106 [79 Pac. 343]. ■ Furthermore, it is held generally in this state that the compromise of a doubtful claim asserted and maintained in good faith constitutes a sufficient consideration for a new promise. (*Snowball* v. *Snowball*, 164 Cal. 476 [129 Pac. 784]; *Bank of Commerce* v. *Scofield*, 126 Cal. 156 [58 Pac. 451]; *Rohrbacher* v. *Aitken*, 145 Cal. 485 [78 Pac. 1054].)

■ Here the trial court found that during all of the negotiations for compromise the plaintiff in good faith maintained that the transactions involving the advances were not tainted with usury; and that much more than $100,000 was legitimately due plaintiff on said indebtedness. Therefore, since no claim has been made by appellant at any time that the compromise was brought about by fraud or undue influence, or any unfair advantage, he is bound by the agreements he entered into as a result thereof.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.