**PYLE v. PYLE.**

**Civil Action No. 2446.**

United States District Court
W. D. Louisiana

Shreveport Division.

Dec. 17, 1948.

208

Paul L. Bath and Ernest F. Smith both of Marshall, Tex., and Booth Lockard & Jack and Whitfield Jack, all of Shreveport, La., for plaintiff.

Love & Bailey, S. P. Love, and M. E. Lafargue, all of Shreveport, La., for defendant.

DAWKINS, Chief Judge.

Plaintiff sued Daisy Lee Pyle as the surviving widow of Edward Martell Pyle, claiming to be the adopted son of the latter, alleging that Edward Martell Pyle died intestate on or about April 1, 1948, and praying to be recognized as the owner by inheritance of an undivided one-half interest in all the property, real and personal, belonging to deceased at the time of his death. Petitioner further alleged as follows:

"Pyle's widow, Daisy Lee Pyle, caused Pyle's succession to be opened in the Caddo Parish District Court, case docket No. 99,-518, Succession of Edward Martell Pyle", in which succession she alleged that Pyle left no heirs, that all of the property was community property, acquired during her marriage to Pyle and that, therefore, she was "entitled to inheritance of same and has asked the said Caddo Parish District Court to place her in possession of same."

The prayer was for judgment against defendant "ordering her to render unto him an account of all property, real, personal and mixed, administered by her or within her possession, custody and control, owned by Edward Martell Pyle at the time of his death * * *"; and further "recognizing him (complainant) as the legally adopted son and sole heir of Edward Martell Pyle, recognizing him as the owner of an undivided one-half interest in and unto all the property, real, personal and mixed," describing the real estate in detail. He coupled therewith a lis pendens under the state law, which has had the effect of tying up the real estate in a manner to prevent or seriously interfere with its administration and disposition by the defendant as administratrix of the succession proceedings of the deceased in the State Court.

Subsequently, plaintiff filed motions to require defendant to produce income tax returns made by her and the deceased to both the State and the United States for the years 1933 to 1948, both inclusive, the purpose being as stated in oral argument, to discover whether or not the deceased or defendant had recognized plaintiff as their heir and dependent in said returns.

On September 3, 1948, defendant filed an exception to the jurisdiction of this court, averring that there was no diversity of citizenship. This exception has not been tried.

Defendant has moved to dismiss or abate the motions to produce the income tax returns on the grounds that, until the plea to the jurisdiction can be heard, which will require the introduction of evidence, she should not be required to comply with the motions to produce, and on the further grounds that said returns are and were privileged under the Federal law.

If it be found that this Court has no jurisdiction because of the lack of diversity of citizenship, the production of said documents would be useless. Therefore, action thereon will be stayed until the jurisdictional issue can be determined. Momand v. Paramount Pictures Distributing Company, Inc., D.C., 36 F.Supp. 568.

Proper decree should be presented.