**INDIAN LAKE ESTATES, INC., a corporation, Plaintiff,**

v.

**Irving S. LICHTMAN et al., Defendants.**

**Civ. A. No. 3516–60.**

United States District Court

District of Columbia.

Feb. 21, 1961.

Brookhart, Becker & Dorsey, Washington, D. C., for plaintiff.

Albert Philipson, Newmyer & Bress, Washington, D. C., for defendants.

LEONARD P. WALSH, District Judge.

This matter comes before the Court on Plaintiff's motion for the production of documents under the possession and control of certain and various of the Defendants for the purpose of inspection.

The complaint, which is somewhat extensive, alleges usury in a series of financial transactions between the Plaintiff and a number of specified joint venture groups represented by the individual Defendants.

■ Plaintiff seeks from each of the groups named as Defendants, the written agreement entered into by the members of the various joint venture groups, which joint venture groups it is claimed were "formed specifically for the purpose of and did actually contract" with this Plaintiff, such contract involving the issue of usury raised in the case.

In addition, Plaintiff seeks the minutes of all meetings, and memoranda concerning such meetings, and memoranda concerning action decided upon or taken by members of each of the seventeen joint venture groups, the minute books of the Defendant, Net Limited, Inc., all books and records maintained by the Defendant, Robert A. Philipson, for certain of the joint venture books, and all work sheets from which were prepared the year-end statements for certain of the joint venturers. All of the material requested by the Plaintiff is alleged to be in the possession, custody and control of the Defendants, Jack L. Friedlander and Robert A. Philipson.

This cause of action, based as it is on a claim of usury, arises out of the financial arrangements made by the predecessor management in charge and control of Indian Lake Estates, Inc. The Defendants allege that the Plaintiff defaulted in certain of its financing agreements early in 1959, and that an agreement entered into on October 26, 1959, between Defendants and Indian Lake Estates, Inc., compromised all claims on which the present cause of action is based.

Defendants meanwhile have filed a motion for summary judgment based on the general release and settlement alleged to have been effected by the October 26, 1959, agreement, and Defendants argue that it is unnecessary to consider the Plaintiff's motion to produce for the motion for summary judgment will render moot the question raised by Plaintiff's motion. Defendants also oppose Plaintiff's motion to produce on the ground that the information sought will invade and compromise the confidential information of the Defendants in their *inter sese* dealings.

It would appear to the Court that the granting of the motion to produce, to the extent that it is not over-burdensome or oppressive, or violative of confidential information, would permit a more thorough analysis of the facts herein when, and if, as seems likely, this matter comes on for a hearing on the motion for summary judgment.

■ It is true that the courts look with favor upon settlement agreements and releases of disputes between parties and no doubt this rule of law applies to cases involving usury as well as others. McMahon v. Matthews, 1919, 48 App.D.C. 303. Defendants cite the case of Credit Finance Corporation v. Mox, 1932, 125 Cal.App. 583, 13 P.2d 937 for the authority that settlement agreements will be upheld by the courts in cases arising out of claims of usury where there is no showing of fraud or undue influence in the inducement to sign or the obtaining of the agreement. However, while the Court of Appeals in this jurisdiction would appear to follow this rule in usury cases, their language used in cases wherein the matter has been alluded to would appear to make it incumbent on this Court to insure that all the facts are before the Court in order that it may determine that such agreements are free from objection. Bowen v. Mount Vernon Savings Bank, 1939, 70 App.D.C. 273, 105 F.2d 796, 800. The pertinent portion of the Court of Appeals opinion in the

Bowen case just referred to is quoted as follows:

" * * * The renewal of an instrument, when the maker knows that he has a defense such as fraud or duress, is commonly held to preclude the assertion of the defense; if the new contract is free from objection. By the same token, the renewal of an originally usurious note validates the transaction if all elements which made it usurious are eliminated. But if the lender retains money received as usury, the usurious element is not eliminated; and therefore the defense of usury may be set up against the renewal contract. There is no reason why the maker's knowledge of the usury, which did not validate the original contract, should validate the renewal. The usury law protects the maker in spite of knowledge. The same financial pressure which forced him to submit to usury in the first place may force him to renew. To permit a mere renewal or extension of the contract to purge usury would defeat the purpose of the statute. * * * "

As noted by the Defendants, the Plaintiff urges that without the inspection of the joint venture agreements, "plaintiff may be unable to prove the existence of a common denominator among the groups, and that said groups' agreements with plaintiff were but a single usurious transaction". In rebuttal thereto, Defendants claim that the 1959 settlement is a bar to any claim to usury. However, it would seem well advised in this case for the Court to exercise its discretion for the production of certain of the documents herein requested so that the motion for summary judgment will be heard amid a background which assures a thorough exploration of the facts in the case, an opportunity having been accorded to the Plaintiff to prove the so-called "common denominator" it alleges exists and upon which its case also rests to such a great extent.

It may be objected by the Defendants that this case involves a release agreement as opposed to a renewal contract as was true in the Bowen case. However, the Court would not distinguish the Bowen case in the Defendants' favor on such narrow grounds. Rather, a fairer interpretation of the case, though not perhaps strictly and specifically raised by the Plaintiff, is to permit the party who claims usury to show, if he in good faith can, that the release agreement here did not purge usury any more than did the renewal contract in the Bowen case, i. e., in the opinion of our Court of Appeals.

It is the Court's opinion that upon the Plaintiff's good faith representations and an examination of the record and the cases, a showing of good cause and relevance has been exhibited by the Plaintiff in support of its motion.

The Court's position in permitting discovery in this case is further sustained, it is considered, by the Court of Appeals' opinion in the case of Roebling v. Anderson, 1958, 103 U.S.App.D.C. 237, 257 F.2d 615. The difference, if any there be, lying in the fact that the Court here considers that the Plaintiff is entitled to certain documents prior to a hearing on the motion for summary judgment rather than prior to an accounting, as was true in that case. Here, as there, the Court feels that a denial of certain of the documents may unduly prejudice the Plaintiff in preparation for a hearing (on the motion for summary judgment in this instance), and in addition, here it might interfere with the thorough examination of the facts considered to be of prime importance in a hearing on a motion for summary judgment. See also Roebling v. Dillon, D.C.Cir., 288 F.2d 386.

The Court therefore finds that the Plaintiff's motion for production of documents should issue. However, with respect to the Defendants' claim that some of the information sought will invade and compromise the confidential information of the Defendants in their *inter sese* dealings, the Court will enter-

**420**

tain a restrictive order from the Defendants, confining inspection to the attorneys for the Plaintiff for the purposes of the hearing on the motion for summary judgment as it relates to production asked for in paragraphs numbered 19, 20, 21 and 22 of Plaintiff's motion. Should the Plaintiff prevail on the hearing for summary judgment, this ruling will be considered non-prejudicial to a renewal of the motion as restricted herein.

Counsel for each of the parties hereto is requested to submit an appropriate order consistent with this opinion.