Edward M. O'BRIEN, as Administrator c.t.a. of the Estate of Chester J. Barch, Deceased, Plaintiff,

v.

AVCO CORPORATION, the Bendix Corporation and Paul G. Badgley Company, Inc., Defendants.

No. 67 Civ. 2565.

United States District Court
S. D. New York.

Nov. 18, 1969.

Speiser, Shumate, Geoghan, Krause & Rheingold, New York City, Frank H. Granito, Jr., New York City, of counsel, for plaintiff.

Mendes & Mount, New York City, James F. Coughlin, of counsel, for Avco and Bendix.

Frederick B. Lacey, New York City, for P. G. Badgley Co.

## MEMORANDUM

TENNEY, District Judge.

The instant suit arises out of the crash on September 26, 1965 of an aircraft owned and operated by the Paul G. Badgley Company, Inc., in which the decedent Chester J. Barch was killed. Suit was commenced in this district after plaintiff Edward M. O'Brien was appointed administrator c. t. a. of the estate of Barch for the purpose of creating diversity jurisdiction in the federal court.[1] The propriety of this appointment was sustained by Judge McLean of this court, who, pursuant to the Interlocutory Appeals Act, 28 U.S.C. § 1292(b), certified that defendants' contention that this court was without subject matter jurisdiction over the action because diversity of citizenship between the litigants had been secured by collusion in contravention of 28 U.S.C. § 1359, was ripe for an immediate appeal to the Court of Appeals. Defendants' application for leave to appeal to the Court of Appeals has been granted, and briefs and appendices have been filed therein.

Plaintiff O'Brien now moves pursuant to Rule 34 of the Fed.R.Civ.P. for an order requiring defendant Bendix Corporation to produce for inspection and copying certain documents and materials relating to a servo fuel injector which was manufactured by Bendix and installed by defendant Avco Corporation in the subject aircraft herein. Defendants Avco and Bendix cross-move pursuant to 28 U.S.C. § 1292(b) for an order staying the prosecution of all pretrial proceedings in this matter pending

---

1. Exh. A. Supporting Affid. of Frank H. Granito, Jr. at 1 (dated July 11, 1969).

the determination of their appeal from the amended order of Judge McLean.

As a general rule, the filing of a timely and sufficient notice of appeal operates to transfer jurisdiction of a case from the district court to the court of appeals. Janousek v. Doyle, 313 F.2d 916, 920 (8th Cir. 1963). However, where the appeal is from an interlocutory order pursuant to Section 1292(b), the filing of the notice of appeal from such order does not automatically divest the district court of jurisdiction to proceed with the cause with respect to any matter not involved in the appeal. That which is contemplated by Section 1292(b) is only a review of the interlocutory order itself. The case, except for the hearing on the appeal, is to proceed in the lower court as though no such appeal had been taken, unless otherwise specially ordered. Ex parte National Enameling & Stamping Co., 201 U.S. 156, 162, 26 S.Ct. 404, 50 L.Ed. 707 (1906); Janousek v. Doyle, supra; Phelan v. Taitano, 233 F.2d 117, 119 (9th Cir. 1956); see DePinto v. Provident Security Life Ins. Co., 374 F.2d 50, 51 n.2 (9th Cir. 1967).

However, when, as here, the determination of a preliminary question may dispose of the entire suit, applications for discovery may properly be deferred until the determination of such questions. This is especially true since the grant of defendants' motion can in no way prejudice plaintiff on the interlocutory appeal. Compare Pyle v. Pyle, 81 F.Supp. 207, 208 (W.D.La.1948), Canister Co. v. National Can Corp., 3 F. R.D. 279, 280 (D.Del.1943), Momand v. Paramount Pictures Distrib. Co., 36 F. Supp. 568, 571 (D.Mass.1941) with Indian Lake Estates, Inc. v. Lichtman, 27 F.R.D. 417, 418–419 (D.D.C.1961); see River Plate Corp. v. Forestal Land, Timber & Ry. Co., 185 F.Supp. 832, 835–836 (S.D.N.Y.1960); Tobacco & Allied Stocks, Inc. v. Transamerica Corp., 16 F.R.D. 537, 539–540 (D.Del.1954); Blair Holdings Corp. v. Rubinstein, 159 F. Supp. 14, 15 (S.D.N.Y.1954).

Accordingly, defendants' motion for a stay of all proceedings pending the determination of their appeal, including plaintiff's present application, is granted.

So ordered.