**Harold CEPHAS, Jr.**

v.

**George BUSCH.**

**Civ. A. No. 68-609.**

United States District Court
E. D. Pennsylvania.

March 7, 1969.

Edgar R. Einhorn, Asst. City Solicitor, Philadelphia, Pa., for defendant.

## OPINION

LUONGO, District Judge.

Before the court are two motions by plaintiff to compel defendant to file answers to plaintiff's second and third sets of interrogatories, designated "Interrogatories #2" and "Interrogatories #3."

The motions arise out of a *pro se* civil rights complaint by a state prisoner against a police officer in which he seeks damages for alleged violation of constitutional rights. The conduct complained of is a search of plaintiff's apartment with a "fraudulent search warrant"; the arrest of plaintiff "without probable cause"; obtaining by coercion from an occupant of the apartment a statement which was damaging to plaintiff; and furnishing false information to a newspaper which resulted in the publication of a news report which damaged plaintiff's reputation. The complaint alleges that on January 19, 1968 a state court judge, after hearing, granted plaintiff's motion to suppress evidence obtained in the aforementioned search of his apartment, but denied a motion to suppress the statement.

Defendant filed an answer to the complaint putting in issue all of the material averments of the complaint. Defendant assrted that the search was pursuant to a properly issued search warrant; that the search uncovered stolen goods used as evidence in a trial resulting in plaintiff's conviction on several criminal charges; that there was probable cause for plaintiff's arrest; and that he gave no information to any newspaper and denies responsibility for what the newspaper printed.

Following defendant's answer to the complaint, the parties filed a series of papers dealing with discovery:

1. May 15, 1968—Plaintiff's first set of interrogatories on defendant.

2. June 25, 1968—Plaintiff moved for order compelling answers to "Interrogatories #1."

3. July 12, 1968—Defendant answered "Interrogatories #1."

4. September 5, 1968—Plaintiff's Motion for Production of Documents.

5. September 19, 1969—Plaintiff filed "Interrogatories #2."

6. October 25, 1968—Plaintiff moved for order compelling answers to "Interrogatories #2."

7. October 25, 1968—Defendant's "Brief Contra Plaintiff's Motion for Production of Documents."

8. October 31, 1968—Plaintiff filed "Interrogatories #3" (11 interrogatories relating to the newspaper report).

9. November 1, 1968—Plaintiff's Rebuttal to Defendant's Brief Contra Plaintiff's Motion for Production of Documents."

The court considered the items numbered 4, 7 and 9 above and, by Ordel dated January 8, 1969, denied plaintiff's Motion for Production of Documents, essentially for failure to establish good cause. On the same day an Order (erroneously dated January 8, 1968) was entered calling for consideration on briefs of plaintiff's Motion to Compel Answers to "Interrogatories #2" (item 6 above) and setting dates for the filing of briefs. After issuance of the Orders of January 8, 1969, the following papers were filed:

10. January 20, 1969—Plaintiff's "Petition for Rehearing on Motion for Production of Documents—Amended."

11. January 20, 1969—Plaintiff's "Motion for Court Order to Compel the defendant to Answer Interrogatories #3."

12. January 27, 1969—Defendant's "Brief Contra Plaintiff's Motion to Compel (answer to) Interrogatories #2."

(a) In that "brief" was a section entitled: "Objection to Plaintiff's Interrogatories #3."

I have set forth in detail the various papers filed by the parties to illustrate how a failure to comply with the plain requirements of the Federal Rules of Civil Procedure can result in unnecessary complication and additional work for counsel and the court. Plaintiff is not trained in the law and it is understandable, therefore, that he has gone far beyond the permissible limits of discovery. Plaintiff's unfamiliarity with the Rules, however, cannot be used as justification for defendant's counsel to ignore the requirements of the Rules. Many of plaintiff's interrogatories are patently objectionable, but Rule 33, in no uncertain terms provides that:

" * * * the party upon whom the interrogatories have been served shall serve a copy of the answers on the party submitting the interrogatories within 15 days after the service of the interrogatories, unless the court, on motion and notice and for good cause shown, enlarges or shortens the time. *Within 10 days after service of interrogatories a party may serve written objections thereto together with a notice of hearing the objections at the earliest practicable time.* Answers to interrogatories to which objection is made shall be deferred until the objections are determined." (Emphasis supplied).

Defendant's counsel failed to comply with the plain mandate of Rule 33. He did not, within the 10 days provided by the Rule, object in any manner [1] to "In-

---

1. Although defendant's "Brief(s) Contra Plaintiff's Motion(s) to Compel Answers" to interrogatories might, under some circumstances, be properly regarded as raising objections to interrogatories, the briefs here were filed long beyond the time permitted by Rule 33 for the filing of objections.

terrogatories #2" or "Interrogatories #3." Under the circumstances the court has no alternative but to grant plaintiff's motions to compel answers notwithstanding that much of the information sought is totally irrelevant to the issues in this suit and notwithstanding that the interrogatories, in many respects, are harassing and vexatious.

## ORDER

And now, this 7th day of March, 1969, plaintiff's Motions to Compel Answers to Interrogatories are granted and it is ordered that defendant file Answers to plaintiff's "Interrogatories #2" and "Interrogatories #3" within thirty (30) days.

It is further ordered that plaintiff's "Petition for Rehearing on Motion for Production of Documents—Amended" is denied.