**George P. SHULTZ, Secretary of Labor, United States Department of Labor, Appellant,**

v.

**TARHEEL COALS, INC. et al., Appellees.**

**No. 19359.**

United States Court of Appeals
Sixth Circuit.

Oct. 8, 1969.

Carin Clauss, Nashville, Tenn., Harold C. Nystrom, Acting Solicitor of Labor, Bessie Margolin, Associate Solicitor, Robert E. Nagle, Le Roy Morgan, Attorneys, United States Department of Labor, Washington, D. C., Jeter S. Ray, Regional Attorney, Nashville Tenn., on brief, for appellant.

584

J. W. Craft, Jr., Hazard, Ky., Craft & Haynes, Hazard, Ky., on brief for appellees.

Before WEICK and McCREE, Circuit Judges, and BROWN *, District Judge.

## ORDER

The Secretary of Labor brought a civil contempt proceeding charging appellees with failing to comply with an injunction prohibiting them from violating the minimum wage and record-keeping provisions of the Fair Labor Standards Act (29 U.S.C. Sec. 201 et seq.). The Secretary sought an order requiring appellees to purge themselves of contempt by making restitution of unpaid minimum wages and by paying a compensatory fine. The Secretary further alleged that appellees had also violated the overtime and discriminatory discharge provisions of the Act, and he sought an enlargement of the injunction to prohibit such violations and sought restitution of unpaid overtime compensation and restitution of earnings lost by the employee who was discriminatorily discharged.

At the conclusion of the Secretary's proof, the District Judge, on motion of appellees, dismissed the proceeding. He made no findings or conclusions except to indicate from the bench that the proof was not sufficiently definite as to the hours worked to support restitution of minimum wage or overtime compensation.

■ There was evidence that the appellees' records were inadequate. There was also evidence that employees had in fact performed work for which they were improperly compensated both as to minimum and overtime compensation and from which the amount and extent of that work could be determined as a matter of "just and reasonable inference." The burden therefore shifted to appellees "to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the [Secretary's] evidence." Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515 (1945). Accordingly, the Secretary's claim for restitution to the employees of minimum and overtime compensation should not have been dismissed at the conclusion of his proof.

■ Further, since the Secretary was also seeking an enlargement of the injunction to include a prohibition against violation of the overtime and discriminatory discharge provisions and was seeking back pay for the employee discharged, and since there was evidence of failure to pay at least some overtime compensation and evidence of such a discharge, these claims should not have been dismissed at the conclusion of the Secretary's proof.

The judgment is reversed and the cause remanded to the District Court for proceedings consistent with this order.

* Honorable Bailey Brown, Chief Judge of the United States District Court for the Western District of Tennessee, sitting by designation.