Thomas ANTICO

v.

HONDA OF CAMDEN.

Civ. A. No. 79–2405.

United States District Court, E. D. Pennsylvania.

Dec. 3, 1979.

Robert S. Waldman, Wolov, Rosenberg & Lieberman, Philadelphia, Pa., for plaintiff.

Howard M. Girsh, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

On September 27, 1979, plaintiff served upon defendant "Plaintiff's Request for Production" pursuant to Federal Rule of Civil Procedure (Fed.R.Civ.P.) 34. Subdivision (b) of that Rule provides that, unless the court allows a longer or shorter period in which to respond, "[t]he party upon whom the request is served shall serve a written response within 30 days after the service of the request . . . ." No application to alter the time to respond was made in this case. When defendant failed to file a written response within the period allowed by the Rule, plaintiff notified defendant on October 31, 1979 that a motion for sanctions would be filed on November 7, 1979. The motion for sanctions was filed on November 6, 1979. *See* Fed.R.Civ.P. 37(d)(3). On November 8, 1979, defendant filed with the Clerk of the Court its written response to plaintiff's request for production and a memorandum of law in opposition to plaintiff's motion for sanctions. On November 15, 1979, defendant filed with the Clerk of the Court a motion for a protective order concerning one of the items requested in plaintiff's original request for production, which had been served forty-nine days earlier.

Rule 37(d) provides in part that "[i]f a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails . . . (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just . . . ." The same subdivision of Rule 37 provides further that "[t]he failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by Rule 26(c)."

Plaintiff's request for production sought only four categories of documents. Defendant's belated response to the request states that defendant's counsel is not presently in possession of any documents falling within three of the categories and that he is not aware of the existence of such documents. It is not clear if the defendant itself has documents in these categories or if it has attempted to determine if such documents exist. The remaining category primarily involves a report of Dr. Morfopoulos's inspection of a tire conducted for defendant. Defendant now contends that this request exceeds the scope of permissible discovery. The report is the subject of defendant's belated motion for a protective order. Although defendant's position, had it been asserted in a timely fashion, might well have proven to be meritorious, failure to object to a discovery request in a timely fashion constitutes a waiver of the objec-

tion. *Cf.* 8 Wright & Miller, *Federal Practice & Procedure* § 2173, at 544 (1970); *see also Davis v. Romney,* 53 F.R.D. 247 (E.D. Pa.1971). Defendant's untimely response to plaintiff's request, in which defendant's objection to the desired discovery was first voiced, does not compel a different conclusion. "Once a motion for sanctions under Rule 37(d) has been made, the delinquent party cannot avoid the sanctions by then making the response to discovery requests that should have been made earlier. Although the court may consider the belated response in determining what sanction, if any, to impose, the rule does not become inapplicable because a response is made in the interim between the filing of the motion for sanctions and the hearing on the motion." 8 Wright & Miller, *Federal Practice & Procedure* § 2291, at 190 (1978 Pocket Part).

We shall therefore compel defendant to comply with ¶ 1 of plaintiff's request to produce, to answer fully ¶¶ 2–4, and to produce the documents sought in those categories if they exist. Failure to comply with the letter and spirit of the discovery rules tends to impede the preparation of cases for trial and involves the court in discovery disputes in a manner that the discovery rules seek to avoid. *See* 4A *Moore's Federal Practice* ¶ 37.05, at 37–89 and 37–90 (2d ed. 1978). For example, valid objections that are timely asserted are likely to dissuade an adversary from filing a futile discovery motion. However, when a discovery request is met with silence, a motion for sanctions is ordinarily forthcoming. In a case such as this, the motion should be granted.

Although plaintiff seeks a judgment by default as to liability as the sanction in this action, that harsh sanction is not merited at this time. Defendant will, however, be ordered to comply with ¶ 1 of plaintiff's request for production, to respond to ¶¶ 2–4, and to reimburse plaintiff for the reasonable expenses, including attorney's fees, caused by the failure to respond to the discovery request within the period allowed by the Rules. *See* Fed.R.Civ.P. 37(d). De-

fendant's motion for a protective order will be denied.