W. J. USERY, Jr., Secretary of Labor, United States Department of Labor, Plaintiff,

v.

CHEF ITALIA, a corporation, and Chef Italia of Bustleton, Inc., a corporation doing business as the Villa; and Chef Italia of Wynnewood, Inc., a corporation doing business as the Villa; and Chef Italia of Plymouth Meeting, Inc., a corporation doing business as the Villa; and Chef Italia of Springfield, Inc., a corporation doing business as the Villa, Defendants,

Raymond J. Donovan, Secretary of Labor, United States Department of Labor, Petitioner.

Civ. A. No. 76–3011.

United States District Court, E. D. Pennsylvania.

June 3, 1982.

---

2. *See* Exhibits "A", "B", and "C" of plaintiff's complaint.

3. *See* Complaint Exhibit A.

Marshall H. Harris, Joan Roller, U. S. Dept. of Labor, Philadelphia, Pa., for plaintiff.

Robert W. Hartland, Pittsburgh, Pa., Christopher Walters, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

JOHN MORGAN DAVIS, Senior District Judge.

The issue, in this Fair Labor Standards Act[1] [hereafter the Act] litigation, is whether alleged violations of the Act's minimum wage provisions (§ 6)[2] for which both injunctive relief and liquidated damages are sought, are cognizable by this court when pursued as an adjunct to a petition for adjudication of civil contempt to enforce the court's prior judgment enjoining future violations of section 7 of the Act.[3] I conclude that it is improper to permit this independent action to assume such an abnormal procedural posture but, for the reasons which follow, deny the respondent's motion to dismiss the claims for minimum wage violations and liquidated damages.

This action was commenced on September 24, 1976, when the Secretary filed a complaint alleging essentially violations of section 7 of the Act; the overtime and related record-keeping provisions. Jurisdiction was predicated exclusively on section 17 of the Act.[4] A consent judgment was entered into by the parties, and on January 14, 1977 this court rendered a final judgment in this action enjoining any future violations set forth in the complaint. After completing a follow-up investigation, the Government filed the petition for adjudication of civil contempt at issue herein. In its petition the Government prays for an adjudication of civil contempt for violation of the 1977 consent judgment; an injunction pursuant to section 17 enjoining respondents from violating the minimum wage provisions (section 6) of the Act and liquidated damages pursuant to section 16(c) in the amount of unpaid overtime and minimum wages found due. Respondent now moves to dismiss the minimum wage claim and liquidated damages claims pursuant to Fed.R.Civ.P. 12(b)(1) and (6). In order to expedite this matter which has now been languishing because of a deluge of motions and significant discovery disputes, I shall attempt to state my reasons for denying the aforesaid motions as concisely as possible.

 Preliminarily, I note that the consent decree entered on January 14, 1977 was a final judgment under Fed.R.Civ.P. 54(a). *United States v. City of Providence*, 492 F.Supp. 602, 604 n.1 (D.R.I.1980). See also, *Fox v. U. S. Dept. of Housing and Urban Development*, 680 F.2d 315 at 323 (3rd Cir. 1982). Its effect is·to terminate the action except for purposes of appellate review or enforcement of the judgment itself. 10 Wright and Miller, Fed. Practice and Procedure, § 2651 at 10. Petitioner's attempt to invoke Fed.R.Civ.P.

---

**1.** 29 U.S.C. §§ 201–219 (1975).

**2.** 29 U.S.C. § 206 (1965).

**3.** 29 U.S.C. § 207 (1965). This section sets forth the maximum hour standards of the Act.

**4.** 29 U.S.C. § 217 (1965).

18(a) [5] as a basis for joinder of the minimum wage and liquidated damages claims to the contempt petition is unavailing since, by its terms, the judgment granting injunctive relief on the overtime claims is final. Petitioners cannot, at this late stage, bring new claims in an action which has otherwise been terminated by a valid decree. Relief for any new violations of the Act not covered by the prior decree can only be obtained under the statutory procedure.

■■■ On the other hand, the contempt proceeding initiated by the petitioner is part of the original cause of action. *La-Trobe Steel Co. v. United Steel Workers, Etc.*, 545 F.2d 1336, 1343, 1344 (3rd Cir. 1976); *Shakman v. Democratic Organization of Cook Cty.*, 533 F.2d 344, 352 n.11 (7th Cir. 1976), *cert. denied*, 429 U.S. 858, 97 S.Ct. 156, 50 L.Ed.2d 135 (1976). *Wirtz v. Ocala Gas Co., Inc.*, 336 F.2d 236, 243 (5th Cir. 1964). This contempt power arises from the court's inherent authority to enforce its judgments. *Ex Parte, Robinson*, 19 Wall. (86 U.S.) 505, 510, 22 L.Ed. 205 (1874); *Fernos-Lopez v. U. S. District Court, Etc.*, 599 F.2d 1087, 1090–91 (3rd Cir. 1979), *cert. denied*, 444 U.S. 931, 100 S.Ct. 275, 62 L.Ed.2d 189 *reh. denied*, 444 U.S. 1103, 100 S.Ct. 1070, 62 L.Ed.2d 790 (1980). As previously noted,[6] a consent decree, al-

though negotiated by the parties, is a judicial act which is enforceable via the court's contempt power pursuant to 18 U.S.C. § 401 (1976). *Interdynamics, Inc. v. Wolf*, 653 F.2d 93, 96–97 (3rd Cir. 1981), cert. denied, 454 U.S. 1092, 102 S.Ct. 658, 70 L.Ed.2d 631 (1981). It is beyond cavil, therefore, that enforcement of the judgment enjoining future violations of the overtime provisions of the Act can be compelled through the use of the court's contempt power. See *Mitchell v. Fiore*, 470 F.2d 1149, 1152–53 (3rd Cir. 1972), cert. denied, 411 U.S. 938, 93 S.Ct. 1899, 36 L.Ed.2d 399 (1973). *Fleming v. Warshausky & Co.*, 123 F.2d 622, 625–26 (7th Cir. 1941). Consequently, the only remaining question is whether new claims under the Act not covered by the consent judgment can be appended to the contempt petition to broaden the court's prior injunction without filing a separate action in a formal manner. I view this question as merely one of proper pleading; not of jurisdictional consequence.[7]

■■■ By section 217, the Secretary is vested with exclusive authority for filing suit to restrain violations of the substantive provisions of the Act. *E.E.O.C. v. A.T.&T.*, 365 F.Supp. 1105, 1121 (E.D.Pa.1973), aff'd, 506 F.2d 735 (3rd Cir. 1974).[8] In conjunc-

---

5. Rule 18(a) provides in part: "[A] party asserting a claim to relief as an *original claim* . . . may join, either as independent or as an alternative claim, as many claims, legal, equitable, or maritime, as he has against an opposing party." (emphasis added). As the 1966 advisory note indicates, Rule 18(a) is intended to have its primary application during the pleadings stage. 6 Wright and Miller, Fed.Practice and Procedure, § 1582 at 793. Since a final judgment has been rendered in the instant case, Rule 18(a) is inapplicable. The cases cited by petitioner are not to the contrary since the issue raised herein was neither disputed by the parties nor addressed by those courts. See, e.g., *Shultz v. Tarheel Coals, Inc.*, 417 F.2d 583, 584 (6th Cir., 1969). They can be explained, however, by the rationale utilized *sub judice*.

6. The consent decree is embodied in the court's judgment. See supra, at p. 589.

7. Plainly this court has jurisdiction to hold the respondent in contempt for non-compliance with its decree because the contempt charge is a continuation of the original proceedings. 11

Wright & Miller, Federal Practice and Procedure, § 2960 at 589. And, the new claims for minimum wage violations are cognizable pursuant to 29 U.S.C. § 217 and 29 U.S.C. § 216(c). After the 1974 amendments to the Act, the Secretary can proceed under either section 217 or section 216(c) in his quest for monetary relief. See *Marshall v. Board of Ed. of Baltimore Cty.*, 470 F.Supp. 517, 519 n.4 (D.Md.1979), aff'd, 618 F.2d 101 (4th Cir. 1980); see also, infra at n.8. And, of course, the Secretary can invoke both enforcement mechanisms to obtain optimum relief in the form of injunction, back pay and liquidated damages. See *Marshall v. Brunner*, 668 F.2d 748, 750 (3rd Cir. 1982).

8. The proceeding is equitable in nature to insure compliance with the wage hour standards set forth in the Act. As such, the equitable remedy of restitution is available. *Hodgson v. Wheaton Glass Co.*, 446 F.2d 527, 532 (3rd Cir. 1971); *McComb v. The Frank Scerbo & Sons*, 177 F.2d 137, 139 (2d Cir. 1949); *Dunlop v.*

tion with this authority to request injunctive relief, the Secretary may bring an "action" to recover the amount of unpaid minimum wages and overtime compensation and an equal amount as liquidated damages pursuant to section 216(c).[9]

■■■ Both sections envision the filing of a civil action as the enforcement mechanism for violations of the Act's substantive wage and hour provisions. Under Fed.R. Civ.P. 3, a "civil action is commenced by filing a complaint with the Court." See *Walker v. Armco Steel Corp.*, 446 U.S. 740, 750, 100 S.Ct. 1978, 1985, 64 L.Ed.2d 659 (1980). The petitioner's assertion of the new claims, the jurisdictional basis therefor, and request for relief in its contempt petition, although not formally denominated a complaint, is not fatal. The papers submitted in conjunction with the contempt petition were sufficient to comply with Fed. R.Civ.P. 3 and 8.[10] With their service upon the respondent, the notice function intended by federal rules was adequately served.[11]

Thus, any technical defect in the manner in which this new action was instituted is not jurisdictional and does not prevent entry of a valid judgment. *Schlesinger v. Councilman*, 420 U.S. 738, 742 n.5, 95 S.Ct. 1300, 1305 n.5, 43 L.Ed.2d 591 (1975). Accord, *Appeal of F.T.C. Line of Business Report Litigation*, 595 F.2d 685, 704 n.11 (D.C.Cir. 1978), *cert. denied*, 439 U.S. 958, 99 S.Ct. 362, 58 L.Ed.2d 351 (1978). Furthermore, it is inconsequential that the pleading was not filed and docketed by the clerk of court as a complaint since Fed.R.Civ.P. 5(e) provides that the judge may permit papers to be filed with him.

■■■ To accept the respondent's contention would subvert the basic purpose of the Federal Rules of Civil Procedure[12] and cause needless delay in this action which is already suffering from a prolonged bout with this type of dilatory illness. I conclude, therefore, that under the circumstances of this case, the respondent's motion

---

*Darboian Enterprises, Inc.*, 410 F.Supp. 479, 481 (D.Mich.1975).

9. That section provides in part:
 The Secretary may bring an action in any court of competent jurisdiction to recover the amount of the unpaid minimum wages or overtime compensation and an equal amount as liquidated damages. The right provided by subsection (b) to bring an action by or on behalf of any employee and of any employee to become a party plaintiff to any such action shall terminate upon the filing of a complaint by the Secretary in an action under this subsection in which a recovery is sought of unpaid minimum wages or unpaid overtime compensation under sections 6 and 7 [29 U.S. C.S. §§ 206 and 207] or liquidated or other damages provided by this subsection owing to such employee by an employer liable under the provisions of subsection (b), unless such action is dismissed without prejudice on motion of the Secretary.
 29 U.S.C. § 216(c). Under the Act, liquidated damages are compensatory, not punitive in nature. Such an award seeks to compensate employees for losses they might suffer as a consequence of the employer's failure to provide their lawful wage at the time it was due. *Marshall v. Brunner, supra*, 668 F.2d at 753.

10. The provisions in Rule 8, taken together, "state that technical forms of pleading are not required, that pleadings are to be construed so

as to do substantial justice and, most important of all, they substitute the requirement of a 'short plain statement' of the claim showing that the pleader is entitled to relief for the familiar formula 'facts constituting a cause of action,' which typified the codes." 5 Wright & Miller, Fed.Practice and Procedure, § 1202 at 6 (Sup.1981).

11. The paramount purpose of a pleading in federal practice "is to inform a party of the nature of the claims ... being asserted against him and the relief demanded by his adversary." 5 Wright & Miller, Fed.Practice and Procedure, § 1182 at 12. See *Continental Collieries v. Shober*, 130 F.2d 631, 635 (3rd Cir. 1942). As reiterated by Circuit Judge Freedman, "[t]echnicalities are no longer of their former importance, and a short statement which fairly gives notice is a sufficient compliance with the requirements of the rules." *Schaedler v. Reading Eagle Publications*, 370 F.2d 795, 798 (3rd Cir. 1967) (quoting *Continental Collieries, supra*, at 635).

12. "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accepts the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957).

to dismiss is without merit and is denied accordingly.[13]

## ORDER

AND NOW, this 3rd day of June, 1982, for the reasons set forth in the attached memorandum, it is hereby ORDERED that:

1. Respondent's motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and (6) are DENIED.

2. A copy of the petition for adjudication of civil contempt shall be forwarded to the clerk of court by this court and shall be docketed as the first pleading in the civil action for injunctive relief and liquidated damages pursuant to 29 U.S.C. § 216(c), 217 *nunc pro tunc.*

3. The petitioner is granted leave to amend the pleading *sua sponte* pursuant to Fed.R.Civ.P. 15(a) within ten (10) days of the date hereof.

4. This new action, when docketed, shall be consolidated with Civil Action No. 76–3011 pursuant to Fed.R.Civ.P. 42(a).

5. Any trial on the separate issues involved therein shall be determined at a later date under Fed.R.Civ.P. 42(b).

6. With regard to petitioner's motion to compel, respondent shall answer all outstanding interrogatories and requests for production of documents within thirty (30) days of the date hereof.

---

**13.** Insofar as respondent's argument in opposition to petitioner's motion to compel is directed at the relevancy of certain requests, that argument is rendered moot due to the court's denial of the motion to dismiss. Moreover, any other valid objection to the discovery requests has been waived by the respondent since it failed to answer the request within the permissible time. *Davis v. Romney*, 53 F.R.D. 247, 248 (E.D.Pa. 1977) (Davis, J.). Accord, *Antico v. Honda of Camden*, 85 F.R.D. 34, 35–36 (E.D.Pa.1979); *Cephas v. Busch*, 47 F.R.D. 371, 373 (E.D.Pa. 1969).