**AMERIKA SAMOA BANK, Plaintiff,**

**v.**

**DOROTHY ALI'ILUA, PANINI ALI'ILUA and SOLOGA VAIAGA'E, Defendant.**

---

**DOROTHY ALI'ILUA and PANINI ALI'ILUA, Cross-Plaintiffs,**

**v.**

**SOLOGA VAIAGA'E, Cross-Defendant.**

High Court of American Samoa
Trial Division

CA No. 09-03

June 30, 2005

Before RICHMOND, Associate Justice; and ATIULAGI, Associate Judge.

Counsel: For Plaintiff, Jennifer L. Joneson
For Defendants Dorothy Ali'ilua and Panini Ali'ilua, Mark F. Ude
For Defendant Sologa Vaiaga'e, Robert K. Maez

### ORDER DENYING DEFENDANTS' MOTION TO STAY PROCEEDINGS AND GRANTING PLAINTIFFS' MOTION TO COMPEL DISCOVERY

#### Background

On January 28, 2003, Amerika Samoa Bank (ASB) filed suit against Dorothy Ali'ilua ("Dorothy"), Panini Ali'ilua ("Panini") (together "the Ali'iluas"), and Sologa Vaiaga'e ("Vaiaga'e") alleging, *inter alia*, fraud and breach of a loan agreement. In November 2003, ASB filed notices of depositions for each of the three defendants. Later that month, ASB deposed Vaiaga'e and started, but did not finish, deposing Dorothy. ASB was unable to depose Panini, a U.S. Army reservist, because he was temporarily training overseas. During the course of the next year ASB repeatedly attempted to arrange a deposition with Panini. However, each time Panini was on-island he returned to his overseas position before such a deposition could take place. In November 2004, ASB's counsel contacted the Ali'iluas' counsel in another attempt to schedule depositions for Dorothy and Panini. The Ali'iluas' counsel informed ASB's counsel that Panini was still overseas, but that ASB could depose Dorothy. The parties then scheduled a deposition for Dorothy, but on the eve of that scheduled deposition, she cancelled due to illness.

Then, on December 2, 2004, ASB served each of the three Defendants with written interrogatories and requests for the production of documents. ASB asserts that although Panini may have been on duty

during that general time period, he was in American Samoa during the 2004 Christmas holidays and therefore should have been able to meet the discovery requests. However, no response to the December 2 discovery requests was prepared during that time. In early January 2005, the deadline for a response to those requests came and went, and ASB's counsel reminded the Ali`iluas' counsel of that missed deadline. The Ali`iluas responded to ASB's request by stating that Panini had recently been called to active military duty and that, therefore, the action must be stayed. Likewise, at this point, Vaiaga`e had not responded to the December 2 discovery request.

Finally, on January 27, 2005, fed up with the Defendants' repeated failures to respond to the requests for interrogatories and production of documents, ASB filed a motion to compel responses to the December 2, 2004 discovery requests. On March 23, 2005, the first hearing date for the motion to compel, Vaiaga`e finally submitted answers to the interrogatories and document requests. To date, however, she has not adequately explained why her response was several months late.

The Ali`iluas asserted in response to the motion to compel that The Soldiers' and Sailors' Civil Relief Act of 1940 ("SSCRA") provides for a temporary suspension of all civil judicial action against any member of the armed forces who is currently on active status. They further asserted that the SSCRA additionally protects from civil proceedings the spouses of active service members. ASB countered those arguments by asserting that: (1) the SSCRA is no longer binding law because it has been superceded by the Service members Civil Relief Act ("SCRA"); and (2) Defendants should not be afforded the protections of the SCRA because they have not followed the specific procedures set forth in that law.

## Analysis

■ In December 2003, Congress replaced the SSCRA with the SCRA. 50 U.S.C. app. §§ 501-96. The SCRA is binding upon all courts of the United States, including territorial courts. *See* 50 U.S.C. app. §§ 511(6)(A), 512(a)(2).

■ Section 522 of the SCRA, which governs a stay of civil proceedings where a service member has notice of those civil proceedings,[1] provides that an application for a stay must include: (1) "A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the service member's ability

---

[1] The Ali'iluas, having retained counsel and both answered ASB's complaint and cross claimed against Vaiaga'e, clearly have notice of the current civil proceedings.

to appear and stating a date when the service member will be available to appear," 50 U.S.C. app. § 522(b)(2)(A); and (2) "A letter or other communication from the service member's commanding officer stating that the service member's current military duty prevents appearance and that military leave is not authorized for the service member at the time of the letter." 50 U.S.C. app. § 522(b)(2)(B). Upon proper application for a stay of judicial proceedings, the court may extend the protection to the service member's spouse. 50 U.S.C. app. § 513(a).

■ It is undisputed that Panini has not filed any of the above required paperwork. Until such paperwork is filed, the Ali`iluas cannot utilize the SCRA to stay the current civil proceedings. Therefore, the Ali'iluas' application to stay these proceedings must be presently denied without prejudice. Likewise, the SCRA does not provide a justification for either Panini's or Dorothy's failure to respond to the December 2, 2004 discovery requests.

T.C.R.C.P. 37 authorizes this Court to issue a motion to compel if a party fails to adequately answer an interrogatory or fails to respond to a request for documents. Here, it is undisputed that both Dorothy and Panini have totally failed to respond to ASB's December 4, 2004 interrogatories and requests for documents. And, it is further undisputed that Vaiaga'e was several months tardy in responding to the December 2 discovery request for discovery and only responded after ASB filed its motion to compel.

■ Where a party totally fails to respond to a discovery request, T.C.R.C.P 37(d) governs.[2] In such situations, T.C.R.C.P. 37(d) provides that the failing party must pay the reasonable expenses and attorney's fees of the opposing party unless "the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." T.C.R.C.P. 37(d).

---

[2] Although Vaiaga'e submitted her response to the discovery requests on the day of the hearing, such action does not mend the fact that she totally failed to respond before the motion to compel was filed. Under Rule 37(d), once the motion to compel is filed, the delinquent party is deemed to have totally failed to respond to the requests, regardless of whether that party later provides a response. *See Antico v. Honda of Camden*, 85 F.R.D. 34, 36 (E.D.Pen. 1979) ("'Once a motion for sanctions under Rule 37(d) has been made, the delinquent party cannot avoid the sanctions by then making the response to discovery requests that should have been made earlier.'") (citing 8 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2291, at 190 (1978 Pocket Part)).

We find that for sanction purposes, all three Defendants totally failed to respond to ASB's interrogatories and request for documents and therefore must pay ASB's reasonable expenses. A court may, however, "tailor the sanction to the severity of the misconduct." *Pago Petroleum Products, Inc. v. Ye Ahn Moolsoan, Ltd.*, 27 A.S.R. 94, 96 (Trial Div. 1995) (finding that sanctions which amount to less than the actual attorney's fees are sometimes appropriate); *Antico*, 85 F.R.D. at 36 (finding that lesser sanctions are sometimes appropriate when a delinquent party has, in the interim, responded to the discovery requests). Therefore, after considering the circumstances, including Vaiaga'e's tardy response and the Ali`iluas' misguided reliance on the SSCRA, we hold that the Defendants should be sanctioned. ASB is awarded $400.00 towards its attorney's fees and costs incurred by the necessity of filing the motion to compel--$100.00 payable by Vaiaga'e, and $150.00 each payable by Dorothy and Panini. Each of the Defendants must make payment of the sanctions no later than 30 days after entry of this order.

Additionally, we compel Dorothy and Panini to respectively provide adequate responses to ASB's December 4, 2004 interrogatories and requests for documents propounded to each of them. Such responses are due no later than 30 days after entry of this order.[3]

### Order

1. The Ali`iluas' present motion to stay this action is denied without prejudice.

2. ASB's motion to compel discovery is granted. Dorothy and Panini shall respectively provide complete responses to ASB's December 2, 2004 interrogatories and requests for production of documents no later than 30 days after entry of this order.

3. As sanctions for their respective failures to respond to ASB's December 2, 2004 discovery requests, in partial payment of ASB's attorney's fees and costs incurred by the need to move to compel the discovery, each Defendant shall pay ASB no later than 30 days after entry of this order: Vaiaga`e, $100.00; Dorothy, $150.00; and Panini, $150.00.

---

[3] We understand that Panini may currently be on active military duty. And, obviously, an active duty soldier faces increased barriers in communicating with the outside world. However, we are taking judicial notice of the fact that active duty soldiers have phone and email access while stationed overseas. Therefore, if Panini is in fact on active duty he is not without the ability to respond to the requested discovery.

It is so ordered.