43160. AETNA LIFE INSURANCE COMPANY
v. GREENE.

ARGUED NOVEMBER 9, 1967—DECIDED DECEMBER 5, 1967.

*Calhoun & Kernaghan, William C. Calhoun,* for appellant.
*Randall Evans, Jr., Kenneth Goolsby,* for appellee.

JORDAN, Presiding Judge. 1. The appellee suggests in her brief limitations on the jurisdiction of this court with respect to enumerated errors as not being within the scope of the notice of appeal from the judgment of contempt. Section 1 of the Appellate Practice Act of 1965 (Ga. L. 1965, p. 18; *Code Ann.* § 6-701) specifically provides for an appeal from a judgment of contempt, and if this or any other appealable judgment

is shown, the appellate court must review and determine all issues raised on appeal based on any judgments, rulings, and orders rendered in the case which may affect the proceedings in the case below, without regard to whether the particular rulings are appealable, unless such issues are moot. Under Sec. 4 of the Act as amended (Ga. L. 1965, pp. 18, 20, 1966, pp. 493, 495; *Code Ann.* § 6-802) the only requirement as to the content of the notice of appeal, as here applicable, is a concise statement of the judgment, ruling, or order entitling the appellant to an appeal, and no other. Under Sec. 14 of the Act as amended (Ga. L. 1965, pp. 18, 29, 240, 243; *Code Ann.* § 6-810), it is only by means of the enumeration of errors, not the notice of appeal, that the appellant presents to the appellate court the alleged errors for review and determination. This applies to any ruling "affecting the judgment appealed from." *Allen v. Rome Kraft Co.*, 114 Ga. App. 717, 718 (152 SE2d 618). Within this limitation we think the reference to rulings which may affect the proceedings in the case below, as used in Sec. 1 of the cited Act, supra, are those in this case which may affect the judgment of contempt on which the appeal is based.

2. The judgment on which this appeal is based antedates the effective date of the Georgia Civil Practice Act and all rulings herein are based on the law in effect prior to September 1, 1967. See *Abercrombie v. Ledbetter-Johnson Co.*, 116 Ga. App. 376, 379 (157 SE2d 493).

3. The first, third, and fourth enumerated errors are directed to various rulings involving the appellant's answers to the appellee's interrogatories, including the judgment of contempt on which the appeal is based.

The appellee, as the plaintiff in the lower court, originally submitted 27 interrogatories, and objected, in a motion for penalties, to the answers to numbers 5, 6, 7, 8, 12, 19, 20, 21, 22, 23, 24, and 25, on the grounds that the answers were reckless, evasive, and not responsive. Following a rule nisi and a hearing the trial court sustained the objections to the answers to numbers 5, 6, 7, 8, 12, 19, 20, 21, 22, 24, and 25, and allowed the appellant 30 days to pay accrued costs and provide additional answers, otherwise all defensive pleadings would be automatically stricken

and the case declared in default. The appellant filed amended answers, and the appellee again objected, in motion for penalties, on the basis that the appellant has failed to submit proper and legal answers to numbers 6, 7, 12, 19, 21, 22, and 23. The trial judge again issued a rule nisi and conducted a hearing. He adjudged the appellant, but not the agent, to be in contempt, and directed the appellant to make proper answer to interrogatories numbers 6, 7, 12, 19, 21, 22, and 23, within 20 days, and to pay the appellee's attorneys $100 as reasonable expense incurred in obtaining the order. Under the terms of the order the appellant could purge itself of the contempt by paying a fine of $100 and answering the specified interrogatories within the time allowed. Preceding this ruling the appellee had also submitted a second set of five interrogatories to which the appellant had filed objections, and the judge had ordered a hearing on this matter on the same date as the hearing which resulted in the contempt judgment. Subsequent to the judgment of contempt the trial judge overruled the appellant's objections in part, and ordered the appellant to answer these interrogatories in part as to numbers 1, 2, 3, 5(a), and 5(b).

In general the pertinent original interrogatories of the plaintiff are designed to elicit information from the defendant concerning documentary evidence to be used at the trial in defense of the action, communications with other insurance companies concerning the claim, litigation involving charges of bad faith, the names of counsel representing the defendant, and the assets and liabilities of the defendant within and without the State. The answers include statements to the effect that the documentary evidence is on file in the proper offices in McDuffie County, Ga.; that there have been no communications with other insurance companies; that the company has completely fulfilled the requirements of Chapter 56 of the Georgia Code Annotated and has assets sufficient to pay any judgment; and that records are not maintained in such a way as to enable the company to determine its total liabilities within the State. The additional interrogatories are for information concerning other litigation.

The appellant in its brief invites comparison of the rulings of the trial court upholding the appellee's responses to interrog-

atories and rejecting the appellant's responses, contending in effect that the trial court applied a stricter standard to the appellant, and that this shows an abuse of discretion. We are concerned here, however, with whether the trial court acted within the limits of its authority, including the exercise of any allowable discretion, and any inconsistency of any ruling enumerated as error which meets this test, in comparision with another ruling, is irrelevant to such a determination. Despite any inconsistency, apparent or real, it must appear to this court to show error that the ruling specified as error is an act entirely beyond the authority of the court, including, if applicable, the exercise of a sound discretion.

The main thrust of the remaining argument in the appellant's brief is that the information sought by the appellee's original interrogatories numbers 19, 20, 21, 22, 23, 24, and 25 is not relevant to the subject matter of the case, nor calculated to lead to the discovery of admissible evidence, but that nevertheless the appellant was put to considerable trouble and expense, including the eventual payment of court costs, attorneys' fees, and a fine.

"Justice is the object of all judicial investigations. To this end Georgia adopted a comprehensive discovery statute and gave the courts extensive power to enforce compliance therewith. *Code Ann. Ch.* 38-21." *Milholland v. Oglesby,* 223 Ga. 230 (154 SE2d 194). "The deposition-discovery procedure as provided in *Code* §§ 38-2101 through 38-2112, as amended by the Act of 1959 (Ga. L. 1959, p. 437) is now substantially the same as that provided in the Federal Rules of Civil Procedure. In the State courts, as in the Federal courts, this procedure is to be given a liberal construction in favor of supplying a party with the facts underlying his opponent's case, and this without reference to whether the facts sought on discovery are admissible upon the trial of the action." *Setzers Super Stores of Ga. v. Higgins,* 104 Ga. App. 116, 119 (121 SE2d 305). Interrogatories directed to an adverse party may cover and require a response regarding any matter, not privileged, relevant to the subject matter of the pending action, and reasonably calculated to lead to the discovery of admissible evidence, even though the response

itself may be inadmissible. *Code Ann.* §§ 38-2101 (b), 38-2108. The number of interrogatories or sets of interrogatories is not limited except as justice requires to protect the party from annoyance, expense, embarrassment, or oppression, and the court may otherwise limit the investigation as justice requires to protect the party from annoyance, embarrassment, or oppression. *Code Ann.* §§ 38-2105 (b), 38-2108. To defer answering interrogatories a party may file objections within ten days after service of the interrogatories (*Code Ann.* § 38-2108) but upon the refusal to answer after being directed to do so by the court, the court may adjudge the party in contempt and apply other sanctions. *Code Ann.* § 38-2111. As to the powers of a court generally to punish for contempt, see *Code* § 24-105. We also note that in addition to the more recent provisions as to contempt in discovery proceedings, as set forth in *Code Ann.* § 38-2111 (b) (1), the power of the court to adjudge a party in contempt in discovery proceedings, for a refusal to make discovery, is specifically recognized in *Code* § 38-1204, which was not repealed upon enactment of the law set forth in Chapter 38-21 of the Code. *Code* § 24-2615 (5) authorizes the superior courts to punish contempts by fines not exceeding $200, and imprisonment not exceeding 20 days.

Although the appellant directs the attention of this court to specific interrogatories of the original set submitted by the appellee, and insists that the information desired is irrelevant, the record before this court fails to disclose any effort to test the issue of irrelevancy in the trial court by filing objections to these interrogatories and deferring any answer thereto, as provided under *Code Ann.* § 38-2108. Instead, the appellant purported to answer these interrogatories, which resulted in two motions for penalties by the appellee, and the imposition of various sanctions.

*Code Ann.* § 38-2108 is the same as Rule 33 of the Federal Rules of Civil Procedure and both contain the identical statement that "[w]ithin 10 days after service of interrogatories a party may serve written objections thereto together with a notice of hearing the objections at the earliest practicable time. Answers to interrogatories to which objection is made shall be deferred until the objections are determined." Accordingly, we

look to the construction placed on the Federal rule as persuasive in applying the identical Georgia rule. "[A] party cannot give an evasive answer to an interrogatory and on motion to require a proper answer raise an objection which should have been raised by objection to the original interrogatory within 10 days after service thereof." Moore's Manual of Federal Practice and Procedure, pp. 1154, 1155, § 15.04 (8). Where a timely objection is not made to interrogatories, the right to object is waived. McKeon v. Highway Truck Drivers &c., Local 107 (D. C. Del. 1961) 28 F. R. D. 592. The permissiveness of language of this rule is simply that a party has the choice of answering the interrogatory or of making an objection in the manner set forth in the rule, and objections to interrogatories may not be raised in any other manner. Thus, if written objections are not served within 10 days, there is a waiver of the right to object. Baxter v. Vick (D. C. Pa. 1960), 25 F. R. D. 229. Also, see Moore's Federal Practice (2d Ed.), Vol. 4, p. 2410 et seq., par. 33.27. Having failed to raise the issue of irrelevancy in the proper manner and at the proper time in the lower court, the appellant will not be heard to complain as to such an issue in this court.

The second order of the court refers to the previous order requiring answers, and contains a statement by the court that the proceedings of the hearing were not reported, but that the agent who swore to the answers to the interrogatories (at this time the first and second answers) was examined and cross examined, and that "from such evidence it is the opinion of the court that the answers to interrogatories were not truthful, and that no proper diligence had been shown on the part of the defendant in order to ascertain the correct answers." His judgment of contempt and the other sanctions in this order are expressly predicated on this determination, and in the absence of a transcript of the testimony of the agent this court has no basis to question the determination of the fact that the defendant had submitted untruthful answers. We regard the submission of untruthful answers as tantamount to a refusal to submit answers, and if made in defiance of the previous order of the court, such action could be considered a contempt under the provision of *Code Ann.* § 38-2111 (b) (1). The trial court had a right to and did hear

the witness, and was in a position to consider his testimony in connection with the answers to the interrogatories, as submitted in purported compliance with the order of the court.

The appellant also contends that there was an additional abuse of discretion in requiring it to answer portions of the second set of interrogatories, as the same could not possibly have been relevant or pertinent to the subject matter. In respect to these interrogatories the appellant did file objections, including as to number 2, 3, 5(a), and 5(d), objections of irrelevancy. The interrogatories apparently do require some information of doubtful relevancy, but the ruling thereon, subject to the judgment of contempt, is not a ruling affecting the prior judgment appealed from as contemplated in *Allen v. Rome Kraft Co.*, 114 Ga. App. 717, supra.

4. Except as included within the above discussion the appellant confines its contentions in the brief to a mere mention of the second enumerated error, i.e., that the court erred in overruling its motion to compel the appellee to answer certain interrogatories as seeking information pertinent and relevant to its defense, and to a concluding statement that the other rulings set forth in the enumerated errors were erroneous and should be reversed. We do not regard these statements as sufficient to avoid application of Rule 17 (c) (2) of this court, under which an unsupported claim of error shall be deemed to have been abandoned.

*Judgment affirmed. Deen and Quillian, JJ., concur.*