**Rubylee DAVIS et al., Plaintiffs,**

**v.**

**George W. ROMNEY et al.**

**Civ. A. No. 71–198.**

United States District Court,
E. D. Pennsylvania.

Aug. 18, 1971.

George D. Gould and Community Legal Services, Philadelphia, Pa., for plaintiffs.

Louis C. Bechtle, U. S. Atty., Malcolm L. Lazin, Asst. U. S. Atty., Philadelphia, Pa., for defendants.

MEMORANDUM

JOHN MORGAN DAVIS, District Judge.

Presently before this court is defendants' motion to vacate our Order of May

14, 1971 compelling discovery in the above captioned matter.

On January 27, 1971 the complaint was filed in the above captioned matter. On the same day, plaintiffs filed a motion for immediate discovery which was subsequently denied by us on February 3, 1971. Also on the same day, plaintiffs served interrogatories upon the defendants. Answers to these interrogatories were due pursuant to Rule 33 of the Federal Rules of Civil Procedure from the defendants by March 15, 1971, but none were forthcoming. Nor by that date had any objections to any of the questions been filed. Ten days later, plaintiffs' counsel approached Peter Campenella, Esquire, of the General Counsel's office of the Department of Housing and Urban Development (HUD), Philadelphia, and agreed to temporarily withdraw some of the questions set forth in the interrogatories. It was also agreed that answers to the remaining questions would be submitted by April 8, 1971. Neither by that date nor by a later date subsequently agreed upon, May 4, 1971, had answers been submitted. On May 12, 1971, therefore, plaintiffs filed a Motion for an Order Compelling Discovery which was granted by us on May 14, 1971. Defendants in response filed the present motion on May 25, 1971 and oral argument was held on July 7, 1971.

Rule 33(a) of the Federal Rules of Civil Procedure clearly sets forth the duty of a party upon whom interrogatories are served:

> The party upon whom interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories, except that a defendant may serve answers or objections within 45 days after service of the summons and complaint upon that defendant.

In the present case, no answers were submitted nor was a protective order sought pursuant to Rule 26(c) within the forty-five day period set forth in Rule 33(a).

The passing of the forty-five day period without any objection being made to the questions set forth in the interrogatories clearly must be considered a waiver by the defendants of any objections they might have had. Cephus v. Busch, 47 F.R.D. 371 (E.D.Pa.1969). Regardless of how outrageous or how embarrassing the questions may be, the defendants have long since lost their opportunity to object to the questions. If they feel that the questions are unfair they have no one to blame but themselves for being required to answer them now. If discovery rules are to have "any effect or meaning, the failure to serve such objections within the time prescribed * * * should be considered a waiver of such objections." Bohlin v. Brass Rail, Inc., 20 F.R.D. 224 (S.D.N.Y.1957). The plaintiffs' patience in agreeing to wait for answers beyond the forty-five day period cannot be considered as a stay or an extension of the time for filing objections. Sturdevant v. Sears, Roebuck and Co., 32 F.R.D. 426 (W.D.Mo., 1963).

Defendants raise two arguments in defense of their failure to answer the interrogatories. First they argue that because plaintiffs served the interrogatories within 10 days after the filing of the complaint without the leave of Court, the interrogatories were invalid and no answers were required. This argument is irrelevant since it is based on a provision of Rule 30(a) which governs depositions and not Rule 33(a) which specifically governs interrogatories. Rule 33 has no time provision for when interrogatories may be submitted and thus they may be submitted at any time after the filing of the complaint. Prior to 1970 there was a ten (10) day provision in Rule 33 but this was specifically deleted last year and has no bearing here. See 4 Moore's Federal Practice § 33.05. Clearly there is no reason to graft a provision of Rule 30 onto Rule

33 since each rule is a separate entity and each refers to a distinct part of discovery.

■ Defendants argue secondly that since we have before us cross motions to dismiss and for summary judgment we should suspend consideration of the discovery issue until our decision on these motions. They contend that the Motion to Dismiss has priority over matters relating to the actual trial of the case in that if we grant their motion, the need for discovery would terminate automatically. In support of their argument defendants cite several cases: Allied Poultry Processors Co. v. Polin, 134 F.Supp. 278 (D.Del.); Hilton v. W. T. Grant, 212 F.Supp. 126 (W.D.Pa.); O'Brien v. Avco, 309 F.Supp. 703 (S.D.N.Y.); Instituto Per Lo Spiluppo etc. v. Sperti Prod., 47 F.R.D. 530 (S.D.N.Y.); Blair v. Rubinstein, 159 F.Supp. 14 (S.D.N.Y.); Goudy v. American Petroleum, 10 F.R.S. 33.326, Case 1 (E.D.Pa.); Commonwealth Oil Refining Co. v. Houdry Process, 22 F.R.D. 306 (D.P.Recs.); C. F. Simonin Sons v. Amer. Can Co., 30 F.Supp. 901 (E.D.Pa.); Pyle v. Pyle, 81 F.Supp. 207 (W.D.La.); River Plate Corp. v. Forrestal, 185 F.Supp. 832, 836 (S.D.N.Y.); Barefield v. Byrd, 320 F.2d 455, 459 (CA5). We have examined these cases and find that they are not coincident with the situation presented herein. In the cases cited by the defendants, the Motion to Dismiss was filed either before discovery was initiated or at least before the time for action by the party to whom the discovery was directed had expired. In the present case, interrogatories were submitted on January 27, 1971 and answers due by March 15, 1971. The defendants' motion to dismiss was not filed until May 24, 1971, over two months after the answers to the interrogatories became due. Defendants had a duty to answer the interrogatories after Jan. 27, 1971. If they had wished to object for any reason, they had until March 15, 1971 to do so. They did not. We shall not permit them to ignore the interrogatories and then two months after their answers became due absolve themselves by filing a Motion to Dismiss. Were we to do so, we would be as guilty as the defendants of flagrantly disregarding the provisions of Rule 33.

These arguments of the defendants are not only hollow, they are much too late. Their duty is clear and the time has come for them to fulfill it.

Plaintiffs have properly sought pursuant to Rule 37 an Order Compelling Discovery. On May 14, 1971, we granted their motion giving defendants until June 15, 1971 in which to answer. We shall not vacate our Order as requested by defendants. However, because June 15 has passed we shall give defendants fifteen (15) days in which to answer plaintiffs' interrogatories.