Michael A. SHENKER, Jr., Deborah R. Shenker, his wife

v.

Matthew SPORTELLI, Maria Sportelli, his wife Individually and Trading as Sportelli Chiropractic Clinic.

Civ. A. No. 78–3257.

United States District Court, E. D. Pennsylvania.

July 18, 1979.

Robert G. Bauer, Philadelphia, Pa., for plaintiffs.

William G. Ross, Bethlehem, Pa., for defendants.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

On or about December 6, 1978, plaintiffs served upon defendants' counsel a request pursuant to Federal Rule of Civil Procedure (Fed.R.Civ.P.) 34 for the production of documents. On or about March 22, 1979, plaintiffs served upon defendants' counsel plaintiffs' second set of interrogatories. When defendants neither answered nor objected to the interrogatories and the request for production, and when no motion for a protective order was forthcoming, plaintiffs moved to compel discovery pursuant to Fed. R.Civ.P. 37.[1] In response to plaintiffs' motion, defendants stated for the first time their objections to plaintiffs' discovery requests.

 Defendants' inaction in the face of plaintiffs' discovery requests is a regretta-

ble example of a failure to comply with the letter and spirit of the Federal Rules of Civil Procedure.[2] Fed.R.Civ.P. 33(a) clearly provides that "[t]he party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories . . . ." Fed.R.Civ.P. 34(b) provides in equally clear terms that "[t]he party upon whom the request is served shall serve a written response within 30 days after the service of the request . . . . The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for objection shall be specified." Numerous sound reasons support the logic of these procedures. One of the most obvious, which is clearly illustrated by this case, is that if a party timely files objections to a discovery request, the party seeking discovery can focus its legal argument in support of its motion to compel on the objecting party's precise objections.[3] Where the party drafting a motion to compel discovery does not have the benefit of the opposing party's objections, it faces the unenviable choice of moving to compel with a general motion that provides little assistance to the court in determining the relevancy and propriety of the desired discovery, or of preparing a detailed motion to compel in which he must attempt to anticipate the silent party's objections, if any, to the desired discovery. It is equally obvious that the failure to abide by the discovery procedures outlined in the Rules thwarts the policy of the Rules, as expressed in Fed.R.Civ.P. 1, that seeks the "just, speedy, and inexpensive determination of every action." These

1. Although Rules 33 and 34 both permit the court to allow a longer or shorter period in which to respond to the discovery requests, defendants made no request that the time periods established by the Rules be modified.

2. It is equally regrettable that defendants' disregard of the discovery rules is not unique; all too often it is standard operating procedure for parties to make no response whatever to discovery requests until the party seeking discovery has been forced to file a motion to compel. This procedure, particularly in cases in which the non-responding party has no objection to the discovery request, unnecessarily involves the courts in routine discovery matters in a manner clearly not contemplated by the Rules. *See* 4A Moore's Federal Practice ¶ 37.-05, at 37–89 and 37–90 (2d ed. 1978).

3. Perhaps even more significant, valid objections may dissuade the party seeking discovery from filing a futile motion to compel. *See id.*

factors no doubt in part explain the rationale for the general rule that failure to object to discovery requests results in a waiver of otherwise valid objections. *See* 8 Wright & Miller, *Federal Practice & Procedure* § 2173, at 544 (1970).

Based on defendants' failure to comply with the applicable discovery rules, and in the absence of any attempt to explain their non-compliance, it would be consistent with a significant body of case law to deem all objections waived and to compel the desired discovery in its entirety. As stated by Judge Davis in *Davis v. Romney,* 53 F.R.D. 247 (E.D.Pa.1971):

> The passing of the [applicable period in which to answer or object] without any objection being made to the questions set forth in the interrogatories clearly must be considered a waiver by the defendants of any objections they might have had. [Citation omitted]. Regardless of how outrageous or how embarrassing the questions may be, the defendants have long since lost their opportunity to object to the questions. If they feel that the questions are unfair they have no one to blame but themselves for being required to answer them now.

*Id.* at 248. Although the power to order complete compliance with the requested discovery exists, we believe that before a court may compel discovery, it is advisable that it examine the discovery sought.[4] In instances in which some of the discovery appears to have absolutely no relevance to the subject matter of the suit or is otherwise patently improper, we believe that it is within the discretion of the court not to compel discovery as to those matters. *Williams v. Krieger,* 61 F.R.D. 142 (S.D.N.Y.1973). We do not perceive the relevance, in this action for personal injuries, of the purchase price of defendants' business premises, the gross receipts of defendants' clinic, or the names and addresses of all patients seen at the clinic. We will therefore not compel the defendants to respond to those interrogatories at this time. However, because plaintiffs were forced to file their motion to compel without the benefit of defendants' objections, we will permit plaintiffs to file a supplemental memorandum in which they may attempt to demonstrate the relevance of those matters to this action.

Fed.R.Civ.P. 37(a)(4) provides that if a motion to compel is granted,

> the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

*See also* Fed.R.Civ.P. 37(d). In this case defendants have advanced no reason why an order providing for the award of expenses, including attorney's fees, should not be issued. Therefore, in addition to granting plaintiffs' motion except in the respects discussed *supra,* we shall require defendants' attorney to pay plaintiffs the reasonable expenses, including attorney's fees, incurred in obtaining the order.

---

**4.** Fed.R.Civ.P. 37(d) provides that when a party fails to serve answers to interrogatories or to respond to a request for inspection, a court "may make such orders in regard to the failure as are just." Although this subsection permits the court to impose a wide range of sanctions upon the party flouting the Rules, it also requires that the court determine that its order is just. Were a court merely to rubber-stamp the moving party's discovery requests in all respects, the possibility of an order exceeding the stricture of the Rule exists.