John BOSELLI

v.

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY t/a SEPTA.**

**Civ. A. No. 85–0406.**

United States District Court,
E.D. Pennsylvania.

Dec. 27, 1985.

Cary L. Flitter, Bala Cynwyd, Pa., for plaintiff—Boselli.

John M. Phelan, Philadelphia, Pa., for defendant—SEPTA.

MEMORANDUM AND ORDER

EDWIN E. NAYTHONS, United States Magistrate.

Plaintiff, John Boselli, has filed this personal injury action pursuant to the Federal Employers Liability Act, 45 U.S.C. § 51 *et seq.* In his complaint, plaintiff alleged that on August 1, 1983, while he was engaged in his employment as a car inspector for SEPTA at the Paoli yard, he tripped and fell over a flag on or about the track area which allegedly resulted in his being rendered disabled from further employment. On August 5, 1985, plaintiff served supplemental interrogatories and requests for production of documents. When the discovery requests were not timely responded to by defendant, plaintiff filed a motion to compel which was granted by the Honorable James McGirr Kelly on October 17, 1985.

On October 31, 1985, defendant forwarded answers to the supplemental discovery requests, however, plaintiff's counsel is dissatisfied with certain answers provided by defendant concerning the examination, inspection, or maintenance at the situs of plaintiff's accident at the Paoli yard. Plaintiff has also found dissatisfaction with certain answers to plaintiff's supplemental interrogatories and requests for production of documents concerning defendants' expert witnesses.

On November 12, 1985, plaintiff filed a motion to compel more specific answers to plaintiff's supplemental interrogatories Nos. 11, 12, 13 and 15 and all documents responsive thereto as well as more complete and responsive answers to plaintiff's supplemental interrogatories (Expert Set) Nos. 3(j), (k), 4(f), (g), (h), (i), (j), (k), (1)(ii) and (iii). Subsequently, plaintiff modified his original motion to compel discovery in that defendant should not be required to file supplemental answers to plaintiff's supplemental interrogatories of August 5, 1985. Instead, plaintiff now seeks to have the defendant precluded from offering into evidence at trial any testimony or documentation with respect to any inspection, examination, or cleaning of the Paoli yard.

PLAINTIFF'S SUPPLEMENTAL INTERROGATORIES OF AUGUST 5, 1985 (LIABILITY SET)

In supplemental interrogatory No. 7, plaintiff requests defendant SEPTA to state whether its personnel inspected the area where the accident occurred within the three month period prior to the accident and seeks the identity of the personnel making such inspections, the nature of the inspections and the results thereof. In answer to this interrogatory, defendant stated as follows:

No regular or scheduled inspections of the premises are made. The premises, however, are periodically examined for debris by maintenance and cleaning personnel under the supervision of the Outside Shop Foreman.

In answer to the remaining subparts of interrogatory No. 7, defendant advised plaintiff that inspections which are made consist of the cleaning up of debris from the Paoli yard and also advised plaintiff that no written records of such inspections have been retained. Defendant incorporated this answer in response to interrogatory Nos. 11 and 12 seeking the same information as sought in interrogatory No. 7 in the event that SEPTA had no established inspection procedure. Defendant contends that it has provided plaintiff with all of the information it possesses responsive to these interrogatories in stating that it had no regular scheduled inspection procedure for the Paoli yard. Defendant further contends that it is not able to identify any individuals who may have inspected the track area in question prior to the accident since no records were kept in this regard as was recently confirmed by the depositions of the two shop foreman which were taken by plaintiff on November 13, 1985.

Plaintiff realizes that if the Court accepts at face value SEPTA'S assertion of the lack of records, a Court Order compelling those answers would be meaningless. Plaintiff therefore argues that the proper disposition of the motion to compel is sim-

ply to preclude SEPTA from introducing at trial any evidence concerning inspections, examination, maintenance, or cleaning of the Paoli yard. Plaintiff contends that this would prevent SEPTA from having to comply with a discovery request which it admittedly cannot do, while the plaintiff is protected from the introduction into evidence of vague and prejudicial testimony regarding maintenance of the yard which the plaintiff could not intelligently corroborate nor cross-examine, citing Fed.R.Civ.P. 37(b)(2)(B).

Defendant, in its supplemental response to plaintiff's motion to compel, correctly points out that Rule 37(b)(2)(B) provides for a preclusion of evidence as a sanction only in the event that there has been a failure to comply with a discovery order. The subsection of Rule 37 cited by plaintiff provides:

> *(b) Failure to Comply with Order.*
>
> \*    \*    \*    \*    \*    \*
>
> *(2) Sanctions by Court in Which Action is Pending.* If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> \*    \*    \*    \*    \*    \*
>
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;

■ Rule 37 is not applicable in this case since the defendant has not failed to obey the previous Order of October 17, 1985 compelling answers to the interrogatories in question. Defendant's inability to provide more detailed answers to these interrogatories cannot be held to be a failure to obey the Order compelling full and complete answers. *See generally Dorsey v. Academy Moving & Storage, Inc.*, 423 F.2d 858 (5th Cir.1970); *Potlatch Corp. v. United States*, 679 F.2d 153 (9th Cir.1982). This Court cannot base a decision granting plaintiff's request to preclude defendant from introducing any evidence at trial regarding pre-accident inspections merely upon the defendant not having documents which plaintiff had hoped to secure. This is not an instance in which the defendant has documents which it has refused to turn over in disregard of a Court Order compelling it to do so.

Defendant correctly concedes that it may be precluded from introducing any evidence at trial concerning the inspection of the Paoli yard which it has not turned over to plaintiff in response to proper discovery requests. However, a decision as to whether certain evidence should be precluded because it was not previously disclosed is a matter which should be determined, if the situation arises, at trial. Even if Rule 37 were applicable in this case, there is no basis to preclude defendant from introducing any and all evidence of prior inspections it conducted, particularly such evidence as that which it has revealed to plaintiff in answers to interrogatories and through depositions.

## EXPERT SUPPLEMENTAL INTERROGATORIES

Plaintiff also seeks complete and thorough responses to the following expert interrogatories: 3(j–k) and 4(f–*l*)(ii)(iii), or that defendant be precluded from offering said expert's testimony at trial. Interrogatory Nos. 3(j–k) asks whether defendant's experts are being compensated for their participation in this case and the amount of their compensation. In interrogatories Nos. 4(f–*l*) plaintiff seeks any handwritten notes of the experts, information as to prior employment of these experts by SEPTA, the total of the compensation paid to such experts over the past three years, each expert's current fees paid by SEPTA in this case, the percentage of the expert's gross annual income which is derived from SEP-

TA, all studies and written works researched or authored by each expert and each expert's fee for conducting any physical examination of the plaintiff in this case.

Defendant failed to file answers to these particular interrogatories and it failed to timely object to them pursuant to Fed.R. Civ.P. 33(a). Defendant now contends in its answer to plaintiff's motion to compel that the interrogatories in question seek expert discovery outside the scope of the discovery rules and that they are intended by plaintiff merely to harass the defendant and cause it undue burden and expense with little, if any gain to be derived from the information sought.

■ The failure to object to a discovery request in a timely fashion may constitute a waiver of the objection. *Pension Benefit Guaranty Corp. v. Pincus, et al.*, C.A. No. 83–5244 (E.D.Pa. May 21, 1984) (Newcomer, J.). However, it is within the Court's discretion not to compel discovery which is patently improper. Courts generally consider the reasons for the failure to respond to a discovery request and reserve the harshest sanctions only for the most flagrant violations. *General Accident Ins. Co. of America v. Fidelity and Deposit Co. of Maryland, et al.*, C.A. No. 83–3223 (E.D.Pa. March 19, 1984) (Pollak, J.). The principle that the failure to timely object to a discovery request constitutes a waiver of the objection has been applied with particular regularity when the objections relate solely to the relevance or burdensomeness of the discovery request. *Northfleet Corp. v. Consolidated Rail Corp.*, C.A. No. 83–2992 (E.D.Pa. April 27, 1984) (Pollak, J.).

Although the power to order complete compliance with the requested discovery exists, it is advisable that before a court compels discovery that it examine the discovery sought. Federal Rules of Civil Procedure 37(d) provides that when a party fails to serve answers to interrogatories or to respond to a request for inspection, a court "may make such orders in regard to the failure as are just." In instances in which some of the discovery appears to

have absolutely no relevance to the subject matter of the suit or is otherwise patently improper, it is within the discretion of the court not to compel discovery as to these matters. *Shenker v. Sportelli*, 83 F.R.D. 365, 367 (E.D.Pa.1979); *Williams v. Krieger*, 61 F.R.D. 142 (S.D.N.Y.1973); *Davis v. Romney*, 53 F.R.D. 247 (E.D.Pa.1971).

■ With regard to interrogatories Nos. 3(j–k), 4(g–*l*), and 4(*l*)(ii) which seek information concerning the compensation paid by SEPTA to the various experts identified by SEPTA for their work in this case and in other cases for SEPTA, the information requested is primarily concerned with SEPTA's acts with regard to the witnesses rather than the discovery of facts known and opinions held by the experts. Although Rule 26(b) does not state that this information is discoverable, neither does it appear to prohibit the obtaining of this information by interrogatories. This information would be useful for purposes of effective cross-examination of the expert witnesses and can be answered without the defendant incurring additional expense by way of consultation with the various experts as the information should be readily available to SEPTA through its own records. Most importantly, the interrogatories concerning the compensation of defendant's experts does not interfere with one of the chief purposes behind the adoption of Rule 26(b)(4) and the limitations placed on the scope of discovery concerning experts, that being, the fear that one side will unduly benefit from the other's preparation.

■ Interrogatory 4(j) seeks the percentage of each expert's gross annual income that reflects income derived from doing business with SEPTA. Unlike the interrogatories discussed above, this interrogatory requires the defendant to consult with each expert in order to ascertain the requested information. Although this places an extra burden and expense on the defendant, it does not appear to be extreme nor does it appear to be patently improper. Therefore the interrogatories dealing with

the compensation paid to the various experts must be answered by defendant.

Interrogatory 4(*l*)(iii) seeks for each expert who conducted a physical examination of the plaintiff, the length of time spent conducting each examination. This interrogatory does not seek information which is outside the scope of Rule 26(b)(4)(A)(i) as it relates to the substance of the facts relied on by the expert in reaching his opinions. This interrogatory must therefore be answered.

Interrogatory 4(f) seeks any hand written notes used by any of the identified experts in preparation of any written reports submitted to SEPTA. Plaintiff has not shown any need for the hand written notes which may have been prepared or that they constitute "reports" prepared by experts. Although discovery of experts reports have been allowed by various courts, *see Almaguer v. Chicago, Rock Island & Pacific R. Co.*, 16 F.R.Serv.2d 587 (D.Neb. 1972); *In re. IBM Peripheral EDP Devices Antitrust Litigation*, 77 F.R.D. 39 (N.D. Cal.1977), other courts have required a showing of substantial need before requiring their production or at least some showing of necessity. *Bell v. General Electric Co.*, 38 Fed.R.Serv.2d 671 (E.D.Pa.1984); *See Breedlove v. Beech Aircraft Corp.*, 57 F.R.D. 202, 204 (N.D.Miss.1972); *Wilson v. Resnick*, 51 F.R.D. 510 (E.D.Pa.1970). *See generally, Hoover v. United States Dept. of the Interior*, 611 F.2d 1132 (5th Cir. 1980). Since plaintiff has not shown any particular need or necessity for the written notes of defendant's experts, plaintiff's request for their production will be denied at this time.

Plaintiff also seeks in interrogatory 4(k) information concerning the publications of the various experts. This information was supplied by the defendant by way of the curriculum vitae which was supplied concerning each expert and need not be further supplemented at this time.

Defendant's failure to provide more detailed answers to plaintiff's supplemental interrogatories (Liability Set) was not in violation of the Court's prior discovery Order of October 17, 1985 and defendant was substantially justified in opposing the motion to compel. Plaintiff's motion for an award of counsel fees will be denied and the parties shall bear their own costs in this matter.