## Lane v. Hartford Accident and Indemnity Co.

*Ralph B. Pinskey,* for plaintiffs.

*C. Kent Price,* for defendant Hartford Accident and Indemnity Company.

DOWLING, *J.,* July 12, 1990 — Can a party object to interrogatories or a request for documents after the 30-day period specified in the rules?

The instant case concerns three discovery requests propounded by plaintiffs upon defendant Hartford Accident and Indemnity Company involving two separate requests for production of documents and a set of interrogatories.

On October 20, 1989, plaintiffs' first request for production of documents was served on Hartford. On February 13, 1990, plaintiffs served a second

request for production of documents as well as a set of written interrogatories.

No answers or objections were served with respect to this discovery until May 11, 1990. At that time defendant Hartford served responses to both requests for production in which it objected to portions of each request. On May 18, 1990, defendant Hartford served objections to three interrogatories and promised to answer the rest of them, though this has not yet occurred.

While many words in our wonderful language are ambiguous, it is difficult to ascribe an alternate meaning to the phrase "30 days" or to construe "shall" into "may." It is worth remembering that this seemingly small, modest word "shall" has, at times in the past, been the pivot upon which the hopes and dreams of whole empires have turned. Whether one considers MacArthur's ringingly famous promise of eventual triumph after the fall of the Philippines, "I shall return!", or Marshal Petain's equally determined assertion of national resolve, "Il ne passeront pas" ("they shall not pass") as the Germans besieged Verdun in 1916,[1] this word has universally been regarded as a statement of the positive and the unequivocal, not the conditional or the variable. Even the greatest poet of our language made it the centerpiece of one of his most inspirational passages, at the conclusion of *King John:*

"This England never did, nor never shall

"Lie at the proud foot of a conqueror

"But when it did first help to wound itself.

"Now these her princes are come home again,

"Come the three corners of the world in arms,

---

1. One could wish that the doughty Marshal had had the will and the courage to remember his own words 24 years later, when history so tragically repeated itself.

"And we shall shock them. Nought shall make us rue,

"If England to itself do rest but true."

If any of the "shalls" in those three passages quoted above had been rendered by their original speakers as "may," one might find oneself in a world where Manila was governed from Tokyo, Paris from Berlin, and Shakespeare's beloved "sceptered isle" from either the Elysees Palace or the Alhambra. Since we have no stomach for such a wholesale rewriting of history, we *shall* hew to the view that "shall" is a word of command, not of suggestion.

There would likewise seem to be no ambiguity about the meaning of the term "30 days."[2] If there were a dispute about whether this phrase meant "30 calendar days" or "30 business days," we would consult the written instruments under review for clarification; otherwise, one must rely upon the traditional and statutory construction which holds that "30 days" from a given date means 30 calendar days from the date certain; unless the 30th day falls on a weekend or holiday, in which case the next business day is counted as the final day. Nor, certainly, does an allotment of 30 days in which to perform a certain function mean a minimum of 30 days in which to do it. If this were so, a person sentenced to a 30-day jail sentence could be kept incarcerated for 20 years, on the grounds that 20 years encompasses the period of 30 days. Yet that is what defendant, in the instant case, seems to be suggesting when he says that it was permissible for

2. One of the oldest, and most bitterly true, witticisms about America's treatment of its Indian population holds that, when a copy of the first treaty between white men and Indians was discovered, it was found to declare that the Indians would have the right to keep their lands for as long as the sun shines, the wind blows, and the rivers run — or 30 days, whichever comes first.

him to answer the plaintiff's requests for production after 30 days had passed.

Defendant's position is that, since the rules do not address the issue of the failure to serve objections within the 30-day period, this requirement merely establishes the minimum time that one is required to wait before moving for sanctions; that is, passage of the 30 days "triggers" the parties' right to move to compel. It points to rules 1026 and 237.1, the former of which provides that every pleading subsequent to the complaint "shall" be filed within 20 days after service of the preceding pleading; yet this does not automatically allow for a default judgment. Once the 20 days has expired, one must go further and send notice of intention to take such a judgment as provided by rule 237.1.

The "double dip" may be called for in an instance where a default judgment is at stake, but here we are only concerned with discovery. This reasoning might be relevant to the failure to *answer* interrogatories or produce documents, but it fails in its application to objections to such requests. The party seeking the information must have a remedy if it is not forthcoming, but this is quite different from the question of the propriety of the data. If no objections are timely filed, then the requester's way is clear, and his only concern need be with the time in which he is going to be accommodated. We feel that any other interpretation renders the specific time period mere surplusage with respect to the duty to object.

Defendant relies on two lower court decisions, *Hall v. Sears Roebuck & Co.*, 14 D.&C. 3d 231 (1980), and *Northampton Borough Municipal Authority v. Remsco Associates Inc.*, 22 D.&C. 3d 541 (1981). In *Hall*, the decisions relied upon by the

court dealt with the previous rule, which concluded that the language of rule 4005 — providing that a party *may* file objections within 10 days — was permissive. Relevant at this point are the words of our Supreme Court in *Masland v. Bachman,* 473 Pa. 280, 289, 374 A.2d 517, 521 (1977): "A change in the language of a statute ordinarily indicates a change of legislative intent. In any event, the decisions are not binding on this court; we are not persuaded by their reasoning; and we decline to follow them."

The Supreme Court in *Nissley v. Pennsylvania Rail Road Company,* 435 Pa. 503, 259 A.2d 451 (1969), notwithstanding the apparent permissive nature of the old discovery rules, held that there was a waiver of objections to interrogatories when they were not filed and served until five days before trial. The court observed that "this case aptly demonstrates that the integrity of the discovery rules can be preserved only if the rules are taken more seriously than they were in the lower court. The rule requiring a party to object to an improper interrogatory within 10 days was included in the Rules of Civil Procedure for a purpose; that purpose would be defeated if we accept the lower court's apparent conclusion that the plaintiff's failure to follow this rule was not crucial under the facts of this case."

In *Aetna Life Insurance Co. v. Green,* 116 Ga. App. 783, 159 S.E.2d 87, 90-1 (1967), a Georgia Court of Appeals, interpreting the same language, said:

"Code Ann. §38-2108 is the same as rule 33 of the Federal Rules of Civil Procedure and both contain the identical statement that '[w]ithin (10) days after service of interrogatories a party may serve written

objections thereto. . ..' Accordingly, we look to the construction placed on the federal rule as persuasive in applying the identical Georgia rule. '[A] party cannot give an evasive answer to an interrogatory and on motion to require a proper answer raise an objection which should have been raised by objection to the original interrogatory within 10 days after service thereof.' Moore's Manual of Federal Practice and Procedure, pp. 1154, 1155, §15.04(8). Where a timely objection is not made to interrogatories, the right to object is waived. *McKean v. Highway Truck Drivers and Helpers, Local 107,* 28 F.R.D. 592 (D. Del. 1961). The permissiveness of language of this rule is simply that a party has a choice of answering the interrogatory or making an objection in the manner set forth in the rules, and· objections to interrogatories may not be raised in any other manner. Thus, if written objections 'are not served within 10 days, there is a waiver of the right to object. *Baxter v. Vick,* 25 F.R.D. 229 (D.C. Pa. 1960). Also, see Moore's Federal Practice (2d ed.) Vol. 4, p. 2410 et. seq., par. 33.27. Having failed to raise the issue of relevancy in the proper manner and at the proper time in the lower court, the appellant will not be heard to complain as to such an issue in this court."

The introductory explanatory note to the Deposition and Discovery Rules states "[m]ore than 25 years of experience and the general acceptance of the philosophy of discovery justify bringing the Pennsylvania system into as close conformity as possible with the federal system." Clearly, under similar federal discovery procedures, if one does not timely file objections to discovery, those· objections are waived.

In *Shenker v. Sportelli,* 83 F.R.D. 365, 366 (E.D. Pa. 1979), the court said that "the failure to abide by the discovery procedures outlined in the Rules thwarts the policy of the rules as expressed in Fed.R.C.P. 1, that seeks the 'just, speedy and inexpensive determination of every action' "[3] and, in *Philpot v. Philco-Ford Corp.,* 63 F.R.D. 672, 675 (E.D. Pa. 1974) the court warned:

"The provisions governing discovery under the Federal Rules of Civil Procedure are more than mere procedural guidelines to be consulted at the pleasure of a party to a federal civil suit. The language of these rules is carefully drafted and specific in its terms in order that they 'secure the just, speedy and inexpensive determination of every action.' [citing Fed.R.C.P. 21] Plaintiffs have chosen a most reckless course by failing to acquaint themselves with, and by failing to comply with, the clear, precise and central provisions of these rules."

Another federal court has said:

"Regardless of how outrageous or how embarrassing the questions may be, the defendants have long since lost their opportunity to object to the questions. If they feel that the questions are unfair they have no one to blame but themselves for being required to answer them now. If discovery rules are to have any effect or meaning, the failure to serve such objections within the time prescribed . . . should be considered a waiver of such objections." *Davis v. Romney,* 53 F.R.D. 247, 248 (E.D. Pa. 1971). (citation omitted)

---

3. Pa.R.C.P. 126 provides in relevant part that "[t]he rules shall be liberally construed to secure the just, speedy, and inexpensive determination of every action or proceeding to which they are applied."

See also, *Krewson v. City of Quincy,* 120 F.R.D. 6, 7 (D. Mass. 1988), and cases cited therein. "If a party fails to file timely objections to document requests, such a failure constitutes a waiver of any objections which a party might have to the requests. . .' Any other result would . . . completely frustrate the time limits contained in the federal rules and give a license to litigants to ignore the time limits for discovery without any adverse consequences. . . ." (citations omitted)

In *Davis v. Romney, supra,* at 247 the court said that, "The plaintiffs' patience in agreeing to wait for answers beyond the 45-day period cannot be considered as a stay or an extension of the time for filing objections." (Citing *Sturdevant v. Sears, Roebuck & Co.,* 321 F.R.D. 426 (W.D. Mo. 1963).)

And, in *Perry v. Golub,* 74 F.R.D. 360, 363 (N.D. Ala. 1976), where a protective order was sought after the date required for production of documents, the court held: "Similarly, the defendants' protective order motion does not alter the situation since rule 34 required the point be raised by timely objections. As Professor Moore says, 'The party served with the request must respond to it within the time limits set forth in the rule, or object, stating the reasons for the objection.' 4A Moore's Federal Practice §3702, page 36-7 (2d ed. 1975)."

Accordingly, we enter the following

## ORDER

And now, July 12, 1990, defendant Hartford Accident and Indemnity Company is directed to *answer* plaintiffs' interrogatories and requests for production of documents within 15 days or suffer appropriate sanctions.