Linda A. GODSEY, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. S90–0021(R).

United States District Court, S.D. Mississippi, S.D.

Dec. 13, 1990.

---

Cathy H. Jacobs, Biloxi, Miss., for plaintiff.

Stephen R. Graben, Biloxi, Miss., for defendant.

## MEMORANDUM ORDER

DAN M. RUSSELL, District Judge.

This cause is before this Court upon objections filed by the defendant, the United States of America (hereinafter the "USA"), to the United States Magistrate's Order of November 2, 1990. Said Order denied the USA's Motion to Compel Discovery from the plaintiff, Linda A. Godsey (hereinafter "Godsey"), which had been previously filed on September 14, 1990; additionally, the Order denied the USA's request for monetary sanctions against the plaintiff, and reasonable costs and attorney's fees, pursuant to Fed.R.Civ.P. 11 and 37(a)(4).

The USA submits that the Magistrate's Order is clearly erroneous, contrary to the law of this and other circuits, and should be reversed by this court.

In this cause, on May 16, 1990, the defendant propounded to the plaintiff its First Set of Interrogatories and Production of Documents. The plaintiff responded to both on August 22, 1990, approximately ninety-seven (97) days after service of the defendant's requests which is in violation of the thirty day limit imposed by Rules 33(a) and 34(b) of the Federal Rules of Civil Procedure. The plaintiff's responses contained a number of objections regarding the scope and propriety of the defendant's discovery requests.

The crux of the defendant's Motion to Compel Discovery which was filed before the Magistrate and the subject of the November 2, 1990, Order, was the defendant's contention that the plaintiff's objections were waived since she failed to timely respond and object to the defendant's interrogatories and requests for production of documents; the defendant contended that it was therefore entitled to an order directing the plaintiff to fully answer all discovery requests.

The Magistrate held that there was no authority in this circuit for the proposition that objections to discovery raised outside of the time limits imposed by Rules 33(a) and 33(b) of the Federal Rules of Civil Procedure were waived. The Magistrate distinguished the defendant's primary authority, *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613 (5th Cir.1977), from the instant case by stating that in *Dollar* the counsel did not object to the interrogatory posed by the plaintiff; in the instant case the plaintiff responded but in an untimely manner. The plaintiff distinguishes *Dollar*, in her response to the defendant's objections, by stating that in *Dollar* the defendant provided an incomplete response to one of the plaintiff's interrogatories and failed to lodge any objection. The *Dollar* court deemed the defendant's evasiveness as an attempt to mislead the plaintiff into believing that information helpful to the plaintiff's claim did not exist.

The plaintiff herein did not fully respond or object within the proper time limit or seek any extensions. Although the *Dollar* case may be distinguished upon its facts,

there is authority within this circuit that does recognize the general rule that discovery objections are waived if a party fails to object timely to interrogatories, production requests, or other discovery efforts. *In Re U.S.*, 864 F.2d 1153, 1156 (5th Cir. 1989). See also *Brock v. Gerace*, 110 F.R.D. 58, 62 (D.N.J.1986); *Boselli v. Southeastern Pennsylvania Transportation Authority*, 108 F.R.D. 723, 726 (E.D. Pa.1985); *Chubb Integrated Systems Limited v. Nat'l Bank of Washington*, 103 F.R.D. 52, 62 (1984); *Renshaw v. Ravert*, 82 F.R.D. 361, 362 (E.D.Pa.1979).

Accordingly, the Magistrate's denial of the USA's Motion to Compel was contrary to law. The Godsey plaintiff has objected, but she has objected in an untimely manner. This Court is of the opinion that the plaintiff's objections should be held as waived and she should be compelled to answer. However, the plaintiff has alleged as defenses that some of the discovery sought is privileged, and therefore not discoverable by virtue of Rule 26(b)(1) of the Federal Rules of Civil Procedure.

■ This Court notes that an Order of complete compliance with discovery sought would be within its power. However, it is of the opinion that the more advisable and prudent course is to sanction the plaintiff's attorneys and to order that the U.S. Magistrate examine the discovery sought to see if it is relevant or "otherwise patently improper." *Shenker v. Sportelli*, 83 F.R.D. 365, 367 (E.D.Pa.1979).

The USA should submit its reasonable costs and attorney's fees which were incurred in the filing and pursuit of the Motion to Compel and the Objections filed to the Magistrate's Order of November 2, 1990.

THEREFORE, IT IS ORDERED AND ADJUDGED that the Order of November 2, 1990, filed in this cause by the U.S. Magistrate is contrary to law, and that this matter be remanded to the Magistrate for proceedings in accordance with this Order.

IT IS FURTHER ORDERED AND ADJUDGED that the USA submit by affidavit its reasonable costs and attorney's fees incurred in the filing and pursuit of its Motion to Compel and Objections to the Magistrate's Order denying the Motion to Compel.

SO ORDERED AND ADJUDGED.