**528**

COREGIS INSURANCE COMPANY,
Plaintiff,

v.

BARATTA & FENERTY, LTD., Anthony
Baratta, Esq., Kenneth Lee and
Danielle Lee, Defendants.

No. Civ.A. 99–573.

United States District Court,
E.D. Pennsylvania,
Philadelphia Division.

June 22, 1999.

Steven J. Polansky, Spector Gaden & Rosen, P.C., Moorestown, NJ, for plaintiff.

David Kraut, Cardis, Kraut & Harris, P.C., Blue Bell, PA, for defendants.

*MEMORANDUM AND ORDER*

JOYNER, District Judge.

This Memorandum and Order address the defendants' Baratta & Fenerty, LTD. and Anthony Baratta, Esquire's (collectively Baratta & Fenerty) Motion to Compel Full and Complete Answers to Interrogatories and Responses to Request for Production of Documents and for Sanctions and Coregis Insurance Company's (Coregis) opposition thereto. For the reasons that follow, Baratta & Fenerty's motion will be granted in part and denied in part.

I. *BACKGROUND*

Coregis is seeking a declaratory judgment against Baratta & Fenerty concerning its obligation to defend and/ or indemnify Baratta & Fenerty in connection with a legal malpractice claim pending in the Court of Common Pleas of Montgomery County, Pennsylvania, *Lee v. Baratta & Fenerty, Ltd., et al.* On February 25, 1999, Baratta & Fenerty served its First Set of Interrogatories and First Request for Production of Documents upon Coregis. Coregis' responses were due on or before March 30, 1999.

Baratta & Fenerty advised Coregis by letter dated March 31, 1999 that Coregis' replies to discovery were past due. To avoid filing a motion to compel, Baratta & Fenerty requested Coregis to contact Baratta & Fenerty's counsel by April 2, 1999. Contact among the parties did not occur until April 7, 1999. During that conversation, counsel for Coregis agreed to serve responses to the outstanding discovery requests within ten days. Accordingly, counsel for Baratta & Fenerty agreed to defer filing the motion to compel pending the receipt of Coregis' responses.

On April 14, 1999, Coregis served its responses by fax. The responses contained more objections than answers and upon receiving it, Baratta & Fenerty sent counsel for Coregis a letter dated April 20, 1999 to resolve Baratta & Fenerty's discovery concerns. In a response letter dated April 23, 1999, Coregis maintained its objections as appropriate and made in good faith. Consequently, Baratta & Fenerty filed the motion to compel contending Coregis' responses are insufficient and untimely.[1]

II. *DISCUSSION*

This dispute over discovery centers on whether the agreed upon ten-day delay to respond to Baratta & Fenerty's discovery requests is an extension of time to object to the requests made by Baratta & Fenerty. The Federal Rules of Civil Procedure,[2] as well as case law, have established that when a party fails to serve objections to interrogatories and/or document requests within the time required, in absence of good cause or of an extension of time to do so, they have generally waived the right to raise objections later. *Puricelli v. Borough of Morrisville,* 136 F.R.D. 393, 396 (E.D.Pa.1991); *Shenker v. Sportelli,* 83 F.R.D. 365, 366 (E.D.Pa. 1979); *Davis v. Romney,* 53 F.R.D. 247, 248 (E.D.Pa.1971). Even an objection that information sought is privileged is waived if not timely stated and it is within the court's discretion to determine whether the privilege has been properly invoked. *Davis v. Fendler,* 650 F.2d 1154, 1159 (9th Cir.1981).

Before a court may compel discovery, it is advisable that it examines the dis-

---

1. To assist the Court in its decision Baratta & Fenerty seeks to compel more specific answers to interrogatories that it deems essential to the case, numbers 1 and 3. In addition, Baratta & Fenerty seeks to compel Coregis to produce documents requested in 5, 8, 11, 14, 15 and previously agreed to be produced that have not yet been produced.

2. Fed.R.Civ.P. 33(b) and 34(b) provide in clear terms that: "(t)he party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories. A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties subject to Rule 29." Additionally, Rule 33(b) provides: "(e)ach interrogatory shall be answered separately and fully in writing ..., unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable. All grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown."

covery sought and the objections made in opposition to it. *See Shenker v. Sportelli*, 83 F.R.D. 365, 367 (E.D.Pa.1979). Objections should be plain and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable. *Davis v. Fendler*, 650 F.2d 1154, 1159 (9th Cir.1981). The party asserting the objections must show specifically how each interrogatory is privileged or vague or overly broad. *Roesberg v. Johns–Manville Corp.*, 85 F.R.D. 292, 296 (E.D.Pa.1980).

Coregis asserts that it filed a motion for summary judgment simultaneously with its opposition to Baratta & Fenerty's motion to compel because it believes that this case involves only matters of law and not fact. This Court is of the opinion that the motion is not relevant to the present discovery dispute. The facts clearly show that Coregis failed to object within the 30–day period provided by the Rules. Only after negotiating a 10–day delay with counsel for Baratta & Fenerty did Coregis serve responses to Baratta & Fenerty's nine interrogatories and asserted sixteen general objections and five specific objections that included blanket statements such as: "documents can be found in the underwriting file; used to harass or impose an undue burden or expense; overly broad, vague, unduly burdensome and oppressive; not relevant or reasonably calculated to the discovery of admissible evidence." Coregis' response to Baratta & Fenerty's document requests were just as elusive or left blank. After being advised, by letter and several phone calls, of Baratta & Fenerty counsel's concerns to the objections and items left blank, Coregis amended its response to the discovery requests maintaining that the information sought is privileged, without providing reasons for its determination.

■ Technically, Coregis waived its right to object to Baratta & Fenerty's discovery requests. Although, both Fed.R.Civ.P. 33 and 34 permit the court to allow a longer period to respond to a discovery request, Coregis made no request to this Court for an extension of time to respond, resulting in a failure to comply with the letter and spirit of the Federal Rules of Civil Procedure. *See*

*Shenker v. Sportelli*, 83 F.R.D. 365, 366 n. 1 (E.D.Pa.1979). For this Court to consider otherwise, Coregis bears the onus in clarification as to whether the delay in answering the discovery requests included objections as well as answers. Coregis has not provided any information that would allow this Court to believe that Baratta & Fenerty's counsel agreed to wait for Coregis' objections. Additionally, an agreement among the parties to wait for responses beyond the 30–day period is not considered a stay or an extension of time for filing objections. *See Davis v. Romney*, 53 F.R.D. 247, 248 (E.D.Pa.1971). Furthermore, Coregis' responses consisted solely of boilerplate language and never identified its objections with any specificity.

■ To resolve this matter, we are guided by Fed.R.Civ.P. 26(b)(1) which provides:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of the other party....

Applying the Rule to the present matter, this Court concludes that Baratta & Fenerty's interrogatory numbers 1 and 3 and its request for documents in numbers 5, 8, 11, 14, and 15 seem meritorious because the items request information concerning the policy in this case and are reasonably calculated to lead to the discovery of relevant information. Coregis' untimely responses and lack of explanation of its objections to those items mandate that it respond fully and completely to those requests as set forth in the accompanying order. Although Coregis did not seek an extension of time, pursuant to Fed. R.Civ.P. 29, in which to respond to the discovery requests, its failure to do so does not persuade this Court to impose any sanctions. While this Court does not condone or encourage Coregis' actions, it is unwarranted at this time to impose sanctions because lack of good faith has not been clearly shown by Baratta & Fenerty.

### III. *CONCLUSION*

For the reasons stated above, Baratta & Fenerty's motion to compel full and complete

answers to interrogatories 1 and 3, produce documents, subject to attorney-client and work product privilege, requested in numbers 5, 8, 11, 14, and 15, and produce documents previously agreed upon will be granted, but its requests for costs and expenses associated with filing the motion will be denied.

An appropriate order follows.

## ORDER

AND NOW, this 22nd day of June, 1999, upon consideration of Defendants' Baratta & Fenerty, Ltd. and Anthony Baratta, Esquire's Motion to Compel Full and Complete Answers to Interrogatories and Responses to Request for Production of Documents and for Sanctions and Coregis Insurance Company's response thereto, it is hereby ORDERED that said Motion is GRANTED in PART and DENIED in PART as follows:

1. With respect to interrogatory nos. 1 and 3, Coregis shall produce full and complete answers, within seven (7) days of the entry of this Order.

2. With respect to the documents requested for production in nos. 5, 8, 11, 14, 15, Coregis shall produce those items, subject to attorney-client and work product privilege, within seven (7) days of the entry of this Order.

3. With respect to the documents Coregis has agreed to produce prior to the filing of this Order, but has not yet produced, Coregis shall produce these documents, subject to attorney-client and work product privilege, within seven (7) days of the entry of this Order.

4. With respect to documents being withheld on the basis of attorney-client and work product privilege, Coregis shall produce a privilege log identifying every document and the reason for the privilege, within ten (10) days of the entry of this Order.

5. Baratta & Fenerty's request for costs and expenses associated with the filing of the Motion will be denied.